**KERWIT MEDICAL PRODUCTS, INC., Plaintiff-Appellee,**

v.

**N. & H. INSTRUMENTS, INC. (Humanetics, Inc.), Defendant-Appellant.**

No. 78–3830
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 8, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Morton Amster, Roy H. Wepner, New York City, Allen Butler, Dallas, Tex., for defendant-appellant.

Locke, Purnell, Boren, Laney & Neely, John H. McElhaney, Dallas, Tex., for plaintiff-appellee.

Before GEE, RUBIN and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

This appeal involves a motion of Humanetics, Inc., filed under Fed.R.Civ.P. 60(b), seeking to vacate a consent judgment entered in 1971. The district court denied the motion. The appellee, Kerwit Medical Products, Inc., argues that the denial of the Rule 60(b) motion is not yet appealable. We reject that argument but agree with Kerwit that the district court was correct in denying the motion.

In 1970, Kerwit Medical Products, Inc., sued Humanetics, Inc.,[1] alleging infringe-

---

1. Suit was filed against N. & H. Instruments, Inc., and Cardio Systems, Inc. N. & H. Instruments, Inc., became Humanetics, Inc., with Cardio Systems, Inc., as a division. The parties' briefs use the name Humanetics. We do likewise.

ment of Kerwit's patented hospital bed.[2] Humanetics filed an answer and counterclaim, alleging that (1) Kerwit fraudulently secured the patent, (2) the patent was invalid and (3) there had been no infringement. On April 20, 1971, the litigation was concluded by entry of a consent decree in which Humanetics acknowledged validity of the patent, conceded infringement, concurred in dismissal of its counterclaim with prejudice and consented to an injunction against further infringement by Humanetics, its agents or representatives.

On March 24, 1977, Kerwit moved to cite Humanetics[3] for contempt of the 1971 judgment. The matter was heard on May 13, 1977. On December 5, 1977, the district court notified the parties of its conclusion that Humanetics had violated the 1971 judgment by manufacturing a bed that was the equivalent of the patented bed. The district court later scheduled a hearing for May 12, 1978, at which time the court was to consider appropriate relief for the contempt. Apparently this hearing has not yet been held.

On May 4, 1978, Humanetics filed a separate suit against Kerwit Medical Products, Inc., and its president, Malcolm Kerwit, seeking to annul the 1971 consent judgment. That suit is pending. Humanetics then filed the Rule 60(b) motion presently before us, in which it alleged that Kerwit had secured the consent judgment by committing a fraud upon the court. Finding the allegations of fraud insufficient to va-

cate the judgment, the district court denied the motion by written order, assigning reasons, on November 10, 1978. This appeal follows.

### Appealability Under 28 U.S.C. § 1291

Humanetics claims that the denial of its Rule 60(b) motion is a final decision of the district court appealable under 28 U.S.C. § 1291.[4] We disagree. The cases Humanetics cites,[5] and one other controlling case[6] supporting the proposition that denials of Rule 60(b) motions are immediately appealable under § 1291 are inapposite. These cases involve matters that were concluded in the district court. The denials of the Rule 60(b) motions in those cases were effective terminations of district-court proceedings. They, therefore, were final and appealable. In the present case, the district court still has the contempt proceeding before it. Until the district court finally disposes of Kerwit's motion by determining appropriate relief for the contempt, the denial of the Rule 60(b) motion is not final for purposes of § 1291.

### Appealability Under 28 U.S.C. § 1292(a)(1)

Humanetics contends that the order denying its Rule 60(b) motion in effect continued or refused to dissolve an injunction and that it therefore is appealable under 28 U.S.C. § 1292(a)(1).[7] Humanetics points out that the 1971 judgment enjoined it from infringing Kerwit's patent. Therefore, Humanetics submits, the order denying the

---

**2.** The patent at issue, United States Patent No. 3,503,082, is for a radiolucent adjustable bed. Kerwit claims that prior to its development all hospital beds contained metal parts impermiable to radiation. Hospital patients had to be moved from their beds for x-raying. Kerwit's invention makes it possible to x-ray in the bed.

**3.** The contempt was sought against N. & H. Instruments, Inc., Humanetics, Inc., Cardio Systems, Inc., and R. A. Hasty, individually, collectively referred to as "Humanetics."

**4.** 28 U.S.C. § 1291 provides: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, . . . except where a direct review may be had in the Supreme Court."

**5.** *Woodham v. American Cystoscope Company of Pelham, N. Y.*, 335 F.2d 551 (5th Cir. 1964); *Greenspahn v. Joseph E. Seagram & Sons*, 186 F.2d 616 (2d Cir. 1951); *Cromelin v. Markwalter*, 181 F.2d 948 (5th Cir. 1950).

**6.** *Bros. Incorporated v. W. E. Grace Manufacturing Co.*, 320 F.2d 594 (5th Cir. 1963).

**7.** 28 U.S.C. § 1292(a) provides: "The courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court . . . ."

motion continued or refused to dissolve an injunction. This contention is meritorious.

We have been cited to no authority, and have found none, addressing the applicability of § 1292(a)(1) to denials of relief under Rule 60(b). This comes as no surprise. Rule 60(b) motions ordinarily are made only after the district court has disposed completely of the subject litigation. Therefore, denials of those motions usually are appealable as final judgments under § 1291. Appellate courts seldom, if ever, are called upon to consider whether § 1292(a)(1) provides a basis for jurisdiction of appeals from such denials.

■■■ We find some guidance in cases involving the appealability of orders granting partial summary judgment. When such a motion is granted as to the portion of a complaint seeking injunctive relief—even though the district court leaves other issues unresolved—the order is appealable immediately, *McGill v. Parsons*, 532 F.2d 484 (5th Cir. 1976); *Gray Line Motor Tours, Inc. v. City of New Orleans*, 498 F.2d 293 (5th Cir. 1974). These cases are analogous to the case before us. The denial of Humanetics' motion was, among other things, a determination that the injunction would remain in effect while the district court considered the damages to be awarded as a result of Humanetics' contempt. As such, it was an "interlocutory" order continuing or refusing to dissolve an injunction which is appealable under § 1292(a)(1).

*Propriety of the Denial of the Rule 60(b) Motion*

■ Humanetics' Rule 60(b) motion alleged that Malcolm Kerwit, president of Kerwit Medical Products, Inc., was aware prior to the issuance of the Kerwit patent that a bed similar to that claimed in the patent had been in public use for several years. The motion asserted that this knowledge by Kerwit rendered the patent invalid and that Kerwit had concealed the knowledge from the court and from Humanetics during the 1970–71 litigation. Humanetics claimed it had become aware of these facts only recently. For purposes of ruling on the Rule 60(b) motion, the district court accepted Humanetics' factual allegations. We do likewise.

Kerwit's infringement suit was filed on November 9, 1970. On January 28, 1971, Humanetics filed interrogatories addressed to Kerwit. Before Kerwit was to have answered the interrogatories, the parties entered into the settlement described at the beginning of this opinion.

■ Humanetics' Rule 60(b) motion, filed on June 2, 1978, alleges that Kerwit's actions in connection with the 1970–71 litigation amounted to fraud upon the court and therefore that the 1971 judgment should be vacated.[8] We disagree. Only a small number of those acts that can be considered

8. Fed.R.Civ.P. 60(b) provides in pertinent part:
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. . . .

 None of the numbered subsections of Rule 60(b) is available to Humanetics. Vacation of the 1971 judgment arguably would have been appropriate under subsections (1), (2) or (3) had Humanetics filed its motion within one year of the entry of the 1971 judgment, but it did not. Subsections (4) and (5) clearly are not applicable to this case. Relief under subsection (6) is not available to a movant

fraud amount to "fraud upon the court," as that phrase is used in Rule 60(b). As the Court of Appeals for the Second Circuit accurately has noted:

> The meaning of the quoted phrase has not been much elucidated by decisions. Obviously it cannot be read to embrace any conduct of an adverse party of which the court disapproves; to do so would render meaningless the one-year limitation on motions under F.R.Civ.P. 60(b)(3). See 7 Moore, Federal Practice ¶ 60.33 at 511 (1971 ed.). Professor Moore submits that the concept should "embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Id.* at 515 (footnote omitted).

*Kupferman v. Consolidated Research and Manufacturing Corp.,* 459 F.2d 1072, 1078 (2d Cir. 1972).

 The actions of Kerwit and its lawyers in connection with the 1970–71 litigation did not amount to fraud upon the court. An attorney is to be expected to responsibly present his client's case in the light most favorable to the client, and it is not fraudulent for him to do so, *Andrade v. United States,* 485 F.2d 660 (Ct.Cl.1973). Much more must be shown. Neither the Kerwit corporation, Mr. Kerwit nor their attorneys were obligated in 1971 to suggest to Humanetics or to advise the district court that there were facts with which Humanetics perhaps could have fashioned a defense to the cause of action. Humanetics opted to settle the case before completing discovery, obviously for reasons it then deemed sufficient. That it may have acted differently on different facts is no basis for

grounding a complaint of fraud. We need not decide, and do not decide whether relief under Rule 60(b) for fraud would have been available to Humanetics had the discovery process continued and had Kerwit culpably withheld material facts. However, that did not occur. We need only cite the well-settled rule that the mere nondisclosure to an adverse party and to the court of facts pertinent to a controversy before the court does not add up to "fraud upon the court" for purposes of vacating a judgment under Rule 60(b), *H. K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.,* 536 F.2d 1115 (6th Cir. 1976); *Kupferman, supra; United States v. International Telephone & Telegraph Corp.,* 349 F.2d 22 (D.Conn.1972), aff'd, 410 U.S. 919, 93 S.Ct. 1363, 35 L.Ed.2d 582 (1973).

The decision of the district court denying the Rule 60(b) motion is AFFIRMED.

---

where, as here, the relief sought would have been, if not for the Rule's time limits, within the coverage of another of the subsections of the Rule. *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *William Skillings & Associates v. Cunard Transportation, Ltd.,* 594 F.2d 1078 (5th Cir. 1979); *Gulf Coast Building and Supply Co. v. International Brotherhood of Electrical*

*Workers, Local No. 480, AFL–CIO,* 460 F.2d 105 (5th Cir. 1972); *Rinieri v. News Syndicate Co.,* 385 F.2d 818 (2d Cir. 1967). Humanetics therefore relies on the Rule's reservation to the district courts of the unrestricted power to set aside judgments secured through "fraud upon the court."

* Fed.R.App.P. 34(a), 5th Cir. R. 18.