Robert E. ALLING, Robert G. Ernster, Paul F. Trost, Brian L. Zwetzig, Donald L. Giddens, and Mary Lynn McCormick, Executrix of the Estate of Billy J. McCormick, Deceased, Plaintiffs,

v.

AMERICAN TOOL AND GRINDING COMPANY, INC., a Colorado corporation, Norbert Vogler, Harry J. Faircloth, and Peter A. Scognamillo, Defendants.

Civ. A. No. 79–K–1535.

United States District Court, D. Colorado.

April 9, 1984.

T.W. Shumway, St. George, Utah, James E. Mitchem, Mitchem & Mitchem, P.C., Denver, Colo., for plaintiffs.

David Aschkinasi, Jay Stuart Radetsky, P.C., Denver, Colo., for Faircloth.

Robert M. Brown, Jeffrey A. Springer, P.C., Denver, Colo., for Vogler.

Paul G. Goss, Denver, Colo., for Scognamillo.

## ORDER

KANE, District Judge.

This is the defendants second motion for relief pursuant to F.R.Civ.P. 60(b)(6). The first was denied and is reported at 96 F.R.D. 221 (1982). The present motion for post-judgment relief asserts that perjury was committed by a non-appearing witness at trial whose deposition taken in another case by persons not parties to the instant case was read into the record. The witness, Steven Montgomery, recanted his trial testimony in a sworn statement made on February 24, 1984. That statement directly contradicts substantial portions of Montgomery's deposition of 1978. The recantation was reiterated in a hearing on April 4, 1984.

The motion for relief is filed pursuant to Rule 60. It claims entitlement to relief under either Rule 60(b)(6) or under the savings clause of the rule, which permits an independent action where there has been fraud upon the court. The motion is not brought within one year of the date of judgment.

## RULE 60(b)(6)

■ In substance, defendants' allegations are intended to support a motion for relief under 60(b)(2) or (3). The motion is based upon newly discovered evidence which could not have been discovered in time to move for a new trial. It could support a motion under (b)(3) as fraud or other misconduct of an adverse party except there is absolutely no evidence that these plaintiffs participated in or perpetrated the fraud. The problem under (b)(2) and (3) is that there is a one year limitation period for actions based on fraud or newly discovered evidence.

Accordingly, the movants try to fall within the language of 60(b)(6)—"any other reason justifying relief from the judgment"—because there is no restriction on the time within which to bring the motion except within a "reasonable time." The courts are unanimous, however, that where a motion should have been brought under (b)(2) or (3), (b)(6) cannot be used to circumvent the one year limitation.

We are in complete accord with the conclusions of the district court that 60(b)(3) would have provided relief had the union's motion been timely, and also that 60(b)(6) ... cannot be used to circumvent the one-year limitation for grounds specified previously in the rule.

*Great Coastal Express, Inc. v. International Brotherhood of Teamsters, Etc.,* 675 F.2d 1349, 1355 (4th Cir.1982). *See also Kerwit Medical Products, Inc. v. N & H Instruments, Inc.,* 616 F.2d 833, 836–37 n. 8 (5th Cir.1980).

## FRAUD ON THE COURT

■ Rule 60(b) specifically permits a court to set aside a judgment for fraud upon the court. The difficulty with this approach for litigants and courts has been one of construction. If the phrase "fraud on the court" is broadly defined, it will easily overwhelm the specific provision of 60(b)(3) and its time limitation and thereby subvert the balance of equities contained in the rule.

I am able to find only a couple of cases which hold that perjury of a single, nonparty witness, is fraud upon the court within the meaning of rule 60(b). These are the exceptions to the rule that:

Not all fraud is "fraud on the court." Thus "fraud on the court" is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.

*Great Coastal Express, supra,* at 1356. Moore's definition is often cited:

"Fraud upon the court" should, we believe, embrace only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual

manner its impartial task of adjudging cases that are presented for adjudication. Fraud, *inter partes,* without more, should not be a fraud upon the court, but redress should be left to a motion under rule 60(b)(3) or to the independent action. 7 Moore, *Federal Practice,* 2d ed. 1971 ¶ 60.23 at 515. Wright & Miller recognize that there is an unclear distinction between fraud and fraud upon the court. "Any fraud connected with the presentation of the case is a fraud upon the court, in a broad sense. That cannot be the sense in which the term is used in the final saving clause of rule 60(b)." 11 Wright & Miller, *Federal Practice and Procedure,* § 2870 at 253.

The most helpful suggestion Wright & Miller make relates to the problem of perjured testimony. While recognizing that "[c]ases of perjured evidence are troublesome," they distinguish between unfettered perjury and perjury to which an attorney is a party.

> If that is a correct understanding of Hazel-Atlas, [322 U.S. 238 (1944)] whether perjury constitutes a fraud on the court should depend on whether an attorney or other officer of the court was a party to it.

11 Wright & Miller § 2870 at 256. This analysis has found support in the case law. *Lockwood v. Bowles,* 46 F.R.D. 625, 632–33 (D.D.C.1969); *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.,* 536 F.2d 1115, 1118 (6th Cir.1976). While I think this is a better approach, the vast majority of cases have not involved attorney misconduct, so the decisions only reflect the prevailing view that perjury, *qua* perjury, is not grounds for relief from judgment as a fraud upon the court. The cases are collected in *Great Coastal Express, supra,* at 1357. It is important to note here that these plaintiffs and their attorneys had absolutely nothing to do with Montgomery's admitted perjury or the state civil action in connection with which the perjury was committed. Further, the evidence adduced at the hearing clearly supports my explicit finding that the plaintiff's attorney in the state case, William D. Craig, Esq., was not a party to or suborner of Montgomery's admitted perjury.

## INDEPENDENT EQUITABLE ACTION

■ Defendants have not pleaded their motion as an independent action in equity, although I see no procedural barrier to such an approach. The elements are five:

> A judgment which ought not, in good conscience and equity, be enforced; a good defense to the alleged cause of action on which the judgment is founded; fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; the absence of fault or negligence on the part of the defendant; and the absence of any adequate remedy at law.

The action is recognized in the Tenth Circuit. *Winfield Associates, Inc. v. Stonecipher,* 429 F.2d 1087, 1090 (10th Cir.1970).

## CONCLUSION

■ For the foregoing reasons the motion is denied. Even so, in an effort to reach a sense of substantial justice, I have carefully reviewed the file in this case and, in particular, I have examined my trial notes and my findings of fact and conclusions of law. Steven Montgomery is mentioned only once in the 15 pages of detailed findings and conclusions. My notes concerning his deposition testimony contain less than 25 words. None of his testimony was used by me in making my findings of fact. My notes made at the time refer to his testimony as excessively bitter and vitriolic. Such description means that I did not rely on it. That he is an admitted perjurer makes his testimony unworthy of belief both in his deposition and at the hearing on this motion. The evidence at the hearing on this motion discloses further that he is a convicted felon who has used numerous aliases. He is not credible under any circumstance. His testimony approaches credibility only when unrecanted and then is merely cumulative of other and more reliable evidence. Even when I totally disregard his testimony, it makes no difference in my findings and conclusions.

Thus, I believe the judgment should stand even when this tawdry episode of admitted perjury is displayed.