**SECURITIES & EXCHANGE COMMISSION, Plaintiff,**

v.

**ESM GROUP, INC., et al., Defendant–Appellee,**

**Peat, Marwick, Mitchell and Co., Claimant–Appellant.**

No. 86–5958.

United States Court of Appeals, Eleventh Circuit.

Jan. 7, 1988.

Rehearing and Rehearing En Banc Denied Feb. 10, 1988.

*See* R3:41.

---

**9.** Magnum Marine's expert witness testified that the boat, once repaired, would be a safe vessel.

Isaac J. Mitrani and James W. Beasley, Beasley, Olle, Downs & Keihner, and John W. Kozyak, Kozyak, Tropin & Throckmorton, P.A., Co–Counsel, Miami, Fla., for claimant-appellant.

Lawrence A. Kellogg, Miami, Fla., for defendant-appellee.

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sit-

Before JOHNSON and ANDERSON, Circuit Judges, and ATKINS*, Senior District Judge.

JOHNSON, Circuit Judge:

This appeal arises from the district court's dismissal of a claim brought by Peat, Marwick, Mitchell and Co. ("Peat Marwick") against E.S.M. Group, Inc. ("ESM"). ESM has been placed into receivership upon the request of the Securities and Exchange Commission ("SEC"). In its claim, Peat Marwick sought to have the district court set aside a Florida state court judgment entered against it on the ground that the judgment was fraudulently obtained. The district court denied Peat Marwick relief from the judgment and dismissed its claim for failure to state a cause of action under Fed.R.Civ.P. 12(b)(6). We affirm.

I.

On March 12, 1982, ESM sued Peat Marwick in a Florida state court. ESM alleged that Peat Marwick had been "grossly negligent" in its examination of audited financial statements for Wuv's International, Inc. ("Wuv's"), a company in which ESM had invested over $2 million. ESM asserted that it had invested in reliance on Peat Marwick's "unqualified" audit report. ESM alleged that, because Wuv's was not a "going concern," Peat Marwick should have rendered a "qualified" opinion regarding Wuv's financial statements.

ESM prevailed at trial, and it was awarded approximately $4.9 million, consisting of compensatory damages, punitive damages, and costs. Judgment was entered on January 18, 1984. The Florida District Court of Appeal affirmed without opinion on November 19, 1984. Therefore, no appeal to the Florida Supreme Court was possible. Peat Marwick paid the amount of the judgment on November 29, 1984.

On March 4, 1985, fourteen months after the judgment against Peat Marwick, the United States District Court for the South-

ting by designation.

ern District of Florida placed the ESM companies into receivership. The SEC had discovered a massive securities fraud perpetrated by ESM. Despite appearances to the contrary, the ESM companies were never profitable and, at the time that the fraud was discovered, the ESM companies had a cumulative deficit in excess of $300 million.

Following revelation of the ESM fraud, Peat Marwick filed its claim against ESM, requesting relief from the $4.9 million judgment ESM had obtained against Peat Marwick in Florida state court. Peat Marwick alleged pervasive fraud in ESM's conduct of the 1984 trial. In addition, Peat Marwick alleged that ESM's attorney helped conceal and perpetuate that fraud. Peat Marwick argued that, even though ESM's securities fraud had nothing to do with Peat Marwick's audit, it did not receive a fair trial because of ESM's fraud.

The district court denied Peat Marwick relief from the 1984 state court judgment. The court stated that Peat Marwick's "Proof of Claim" and its arguments, even if proven, did not constitute fraud on the court and, therefore, could not provide a basis for relief from a judgment entered more than one year prior to the motion for relief. This appeal followed.

## II.

Peat Marwick contends that the district court erred in dismissing its claim for failure to state a cause of action for equitable relief from the state court judgment. The district court treated Peat Marwick's claim under a Fed.R.Civ.P. 12(b)(6) standard. When reviewing a motion to dismiss pursuant to Rule 12(b)(6), we take all allegations made by Peat Marwick in its proof of claim to be well-pleaded and true for the purposes of testing the sufficiency of the claim. *Walker Process Equip. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 174–75, 86 S.Ct. 347, 348–49, 15 L.Ed. 2d 247 (1965). In addition, the Supreme Court has stated that the "accepted rule" for appraising the sufficiency of a complaint is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Tiftarea Shopper, Inc. v. Georgia Shopper, Inc.*, 786 F.2d 1115, 1117–18 (11th Cir.1986) (quoting *Conley*).

In its claim against the Receiver, Peat Marwick sought to have the district court grant it relief from the state court judgment that ESM had obtained in 1984. *See* Fed.R.Civ.P. 60(b). Rule 60(b) provides, in pertinent part, that a court may relieve a party:

> from a final judgment, order, or proceeding for the following reasons ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party ... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The Rule also states that it does not limit the power of a federal court to entertain an independent action to relieve a party from a judgment or to set aside a judgment for fraud on the court. Fed.R.Civ.P. 60(b).[1]

Because Peat Marwick did not bring this claim until more than one year after the state court judgment, it cannot seek relief under Rule 60(b)(3). However, Peat Marwick contends that its action can be maintained as an independent action within the

---

1. ESM contends that the district court should have applied Fla.R.Civ.P. 1.540(b). This rule essentially tracks Rule 60(b) as far as the issues in this case are concerned. The Florida Rule includes an express "savings clause" similar to that in the federal rule, which preserves the court's power to set aside a judgment for fraud on the court or to entertain a party's independent action for relief. Fla.R.Civ.P. 1.540(b).

The court below held that the choice between the rules had no consequences for the case; the result would be the same under either rule. Because we agree with the district court that Peat Marwick has failed to state a claim for relief under either the state or the federal rule, we do not decide which rule applies. For simplicity, the following analysis will refer to Fed. R.Civ.P. 60(b) even though the discussion applies to Fla.R.Civ.P. 1.540 as well.

savings clause of Rule 60(b). An independent action does not have to be brought within one year. This Court has held that the elements of an independent action are:

(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law.

*Bankers Mortgage Co. v. United States,* 423 F.2d 73, 79 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970) (quoting *National Surety Co. v. State Bank,* 120 F. 593, 599 (8th Cir.1903)).

■ In the case at bar, Peat Marwick cannot establish the elements necessary to maintain an independent action. The fraud which it asserts tainted the outcome of the state court trial had nothing to do with the negligent audit for which Peat Marwick was found liable. Peat Marwick did not have a defense to ESM's cause of action for negligence which it was prevented from establishing because of ESM's fraud. Rather, ESM's securities fraud would have been introduced only to attack the credibility of ESM's witnesses. Thus, the second and third elements of an independent action do not exist here. Moreover, Peat Marwick cannot establish the fourth element of the independent action, which requires the claimant to be free from fault or negligence, because it was negligent in the preparation of its audit report. This negligence was the basis of the state court judgment. Therefore, because Peat Marwick has not demonstrated that it can maintain an independent action,[2] it must prove that there was fraud on the court in order to obtain relief from judgment. *See* Fed.R.Civ.P. 60(b).

■ *Traveler's Indemnity Co. v. Gore,* 761 F.2d 1549 (11th Cir.1985) (per curiam)

(affirmed on opinion of district court), defines "fraud on the court" as:

embrac[ing] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.

*Id.* at 1551 (quoting 7 J. Moore & J. Lucas, *Moore's Federal Practice,* para. 60.33). Both the United States and Florida Supreme Courts recognize the distinction between fraud between the parties and fraud on the court. Fraud between the parties must be brought to the court's attention within one year after judgment is entered. Fraud that prevents the functioning of the judicial process does not have to be brought within any specific period of time. *See, e.g., Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); *DeClaire v. Yohanan,* 453 So.2d 375 (Fla.1984). The fraud alleged in the present case "primarily concerns the two parties involved" and does not threaten the public injury which is the concern of fraud on the court. *Gore,* 761 F.2d at 1552 (quoting *Great Coastal Express v. Brotherhood of Teamsters,* 675 F.2d 1349, 1356–57 (4th Cir.1982)). Consequently, the alleged fraud is not sufficient to require a court to grant Peat Marwick relief from the state court judgment.

Peat Marwick alleged that, because ESM was engaged in securities fraud at the time of the original action, ESM could not have reasonably relied on Peat Marwick's negligently prepared audit of the financial condition of Wuv's. Peat Marwick stated that, if it had known about ESM's securities fraud, it could have impeached the testimony of ESM's witnesses. It also alleged that ESM's directors and accountants perjured themselves during trial. However, this Court has held that "perjury ... does not constitute fraud upon the court." *Gore,* 761 F.2d at 1551. This is the type of

---

**2.** Because Peat Marwick has not set forth the elements of an independent action, we do not decide whether its claim establishes "extrinsic" or "intrinsic" fraud, nor do we discuss the type of fraud a party must allege to obtain relief from judgment.

fraud which the litigants should discover; it does not prevent a party from gaining access to an impartial system of justice. *Id.* at 1552.

Peat Marwick's final argument stems from its allegations that ESM's attorney was engaged in misconduct during the state trial. Specifically, Peat Marwick alleges that ESM's attorney was aware of his client's financial condition and of the securities fraud which ESM perpetrated against its investors and creditors. However, even if true, these allegations do not constitute fraud on the court. They show that ESM's attorney may have known of potential defenses available to Peat Marwick, but this is not fraud on the court. *Kerwit Medical Prods., Inc. v. N & H Instruments, Inc.,* 616 F.2d 833, 837 (5th Cir.1980). An attorney is expected to present his client's case in the light most favorable to the client and he has no duty to inform the opposing party of potential defenses. *Id.*

Under certain circumstances, attorney misconduct may constitute fraud on the court. *See Hazel–Atlas,* 322 U.S. 238, 64 S.Ct. 997. However, *Hazel–Atlas* is distinguishable from the instant case because the attorney in that case was a direct participant in a deliberate plan conceived for the purpose of defrauding the opposing party, the patent office and the Court of Appeals.

In *Hazel–Atlas,* an attorney had written an article extolling the virtues of a patented process for "glass pouring" and he had convinced a supposedly unbiased expert in the field to sign the article as the author. The attorney then relied on the article as authority in his arguments to the Third Circuit in a patent infringement action. *Id.* at 240–41, 64 S.Ct. at 998–99. The Supreme Court concluded that this conduct amounted to a "wrong against the institutions set up to protect and safeguard the public." *Id.* at 246, 64 S.Ct. at 1001.

By comparison, ESM's attorney, even if he knew of ESM's securities fraud, did not have the same impact on the judicial system. Peat Marwick does not allege that ESM's counsel aided in the securities fraud which is the underlying reason Peat Mar-

wick seeks relief from judgment. Moreover, the securities fraud was a separate issue from Peat Marwick's "grossly negligent" audit which was the focus of the state trial. At best, Peat Marwick's allegations against ESM's attorney amount to a failure to disclose information which would have been helpful in Peat Marwick's defense. This does not constitute fraud on the court. The fraud alleged here went strictly to the credibility of witnesses, not to any miscarriage of justice.

In sum, the district court examined Peat Marwick's claim and allegations closely and, after oral argument, determined that Peat Marwick's claim against the Receiver should be dismissed for failure to state a cause of action upon which relief could be granted. In the process of making that judgment, the district court correctly determined that Peat Marwick was not entitled to a relief from judgment.

### III.

We AFFIRM the district court's dismissal of Peat Marwick's claim against the Receiver for failure to state a claim. The district court correctly determined that Peat Marwick was not entitled to relief from a judgment which was more than one year old; therefore, Peat Marwick's claim was properly dismissed.