**James SMITH, Plaintiff,**

v.

**SENTRY INSURANCE, et al., Defendants.**

**Civ. A. No. 1:86–CV–1176–JOF.**

United States District Court, N.D. Georgia, Atlanta Division.

July 30, 1990.

---

John R. Gaughen, Spearman & Gaughen, Atlanta, Ga., for plaintiff.

Alfred B. Adams, III, Wildman, Harrold, Allen, Dixon & Branch, Atlanta, Ga., Charles A. Edwards, Graham & James, Raleigh, N.C., for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on Attorney John R. Gaughen's motion to withdraw as counsel for plaintiff, Local Rule 110–5(a); plaintiff John Smith's motions to vacate judgment; plaintiff's motion to vacate summary judgments; plaintiff's supplemental motion to vacate summary judgments; and plaintiff's motion to disqualify the undersigned from presiding as judge in the above-styled case.

## I. MOTION TO WITHDRAW

■ Attorney John R. Gaughen seeks to withdraw as counsel of record for plaintiff James Smith. The present motion is governed by Local Rule 110–5 which provides for attorney withdrawals by motion or certificate of consent. Where, as here, an attorney files a certificate of consent signed by the client and the withdrawing attorney, he is relieved from the procedural requirements of Rule 110–5.[1] The present

---

1. "In all civil cases except class actions, counsel wishing to withdraw their appearance shall be relieved from the requirements of this rule upon filing of a certificate of consent with the court signed by the client, the withdrawing attorney, and the substituting attorney, if one has

motion fully complies with Local Rule 110–5(a)(4). Accordingly, Attorney John R. Gaughen's motion to withdraw as counsel of record is GRANTED.

## II. THE RECUSAL MOTION

Finally, plaintiff requests that the district judge recuse himself from this case. Plaintiff's motion alleges bias, prejudice and lack of impartiality on the part of the undersigned judge.

The facts underlying plaintiff's motion are as follows. On May 1, 1989, this court held a pretrial conference in the above styled action. *See Transcript*, at p. 2. After discussing a wide variety of pretrial issues, the court inquired as to the status of settlement negotiations. *See id.*, at p. 23. Despite failed efforts to settle the case in the past, counsel for the parties began earnestly to discuss settlement figures. *Id.*, at pp. 25–27. Once the parties arrived at a settlement figure of $5,000.00, counsel for plaintiff was instructed to communicate the offer of settlement to his client. *Id.*, at p. 29. Plaintiff, apparently bent on receiving more money, rejected the offer out of hand. *See* Transcript, at pp. 31, 36; Smith Affidavit, at p. 2.

Plaintiff's counsel represented to this court that plaintiff's desire to appeal this court's order granting defendant's motion for summary judgement on his retaliatory discharge claim was a major obstacle to settlement. *Id.*, at p. 36. Plaintiff apparently felt that if he could win the appeal, his case would be worth more money. *Id.*, at pp. 35–36. Despite counsel's advice that the retaliatory discharge claim would not likely survive a directed verdict motion even if such an appeal were successful, plaintiff still refused to settle. *See* Transcript, at p. 36.

Although plaintiff flatly rejected the parties' first offer, settlement negotiations continued. After briefly discussing some slightly higher settlement figures, plaintiff's counsel suggested that it would be helpful if this court personally conferred with plaintiff. *See id.*, at p. 38. This court had no objections and settlement discus-

sions continued, off the record, with plaintiff in attendance. *Id.*

During the closed settlement discussions, this court confirmed, based upon the evidence in the pretrial order, the improbability of plaintiff's retaliatory discharge claim surviving a directed verdict motion. *See* Smith Affidavit, at pp. 3–4. This court, having weighed the evidence and considered the law, also suggested plaintiff not insist on a trial by jury in a case with little merit and so little at stake. Plaintiff alleges that this court also told him that the $5,000.00 offer would not likely change because defendant Larry Ballard, whom plaintiff had served at his personal residence on a Sunday, was still angry at the manner of process. *Id.*, at p. 3. Despite this court's observations, plaintiff concluded the settlement discussions by apprising the court that he was not prepared to accept the proposed settlement. *Id.* Accordingly, this court notified the parties that jury selection would commence after lunch.

At some point during lunch, plaintiff reconsidered his decision and agreed to settle the case for the $5,000.00 amount put on the table by defendant. *Id.*, at p. 4. According to plaintiff, the sole reason for his change of heart was the pressure brought upon him by this court during settlement negotiations. *Id.* More specifically, plaintiff asserts that this court's candid assessment of the merits of his claim "destroyed [his] faith in having his Constitutional right to due process upheld within the Federal Courts." *Motion For Disqualification*, at p. 9. Plaintiff further asserts that this court's "knowledge of the circumstances of service of process upon defendant Larry Ballard" was obtained via an *ex parte* discussion with Mr. Ballard or defense counsel. *See id.*, at p. 10. Plaintiff's assertions, however, are contradicted by the record which makes clear that this court learned of the manner in which defendant Ballard was served from defendant's counsel during the pretrial settlement conference, *see* Transcript, at p. 34, and that plaintiff's decision to settle the case was

been selected by the client." Local Rule 110– 5(a)(4).

made during lunch outside the influence of this court. *See* Smith Affidavit, at p. 4.

By this motion, plaintiff requests that the undersigned recuse himself from this case. Plaintiff claims that the *ex parte* discussion with defendant Ballard and the private off-the-record statements made by this court clearly establish the requisite bias and lack of impartiality. This court concludes that plaintiff's accusations of personal bias are meritless.

■ Title 28, U.S.C., section 455(a) states, "Any Justice, Judge, or Magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). There are twin, and sometimes competing, policies that bear on the application of the § 455(a) standard. The first is that courts must not only be, but must seem to be, free of bias or prejudice. A second and less obvious policy is that a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation.

■ The well-established test in this circuit is an objective one: whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the § 455 motion, but rather in the mind of the reasonable man. *See Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988); *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir.1986). Moreover, it is well settled that "an allegation of bias sufficient to require disqualification under ... section 455 must demonstrate that the alleged bias is personal as opposed to judicial in nature." *United States v. Phillips*, 664 F.2d 971, 1002 (5th Cir.1981). Finally, "a motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule any particular way, nor on a particular judicial leaning or attitude derived from his experience on the bench." *Phillips v. Joint Legislative Com.*, 637 F.2d 1014, 1020 (5th

Cir.1981). Thus, plaintiff must show more than a disagreement with the judge's judicial philosophy; he must prove personal, extrajudicial bias. *See United States v. Meester*, 762 F.2d 867, 884–85 (11th Cir. 1985).

■ The court will now turn to consideration of whether on the facts before it a reasonable person would clearly have doubted this court's impartiality. The court notes that § 455 does not require the judge to accept all allegations by the moving party as true. If parties were allowed to force recusal of a judge by factual allegations alone, district judges would be "open prey" for recusal. *See Phillips*, 637 F.2d at 1021 (cautioning against a district judge disqualifying himself on the basis of an allegation of a perceived history of rulings that a moving party dislikes).

■ Here, notwithstanding plaintiff's misguided inference of how this court received its information concerning defendant Ballard's response to the manner of service, most of plaintiff's allegations concern this court's rulings or comments on the merits of this case during the course of the pretrial settlement conference. This court, having considered the evidence of record, suggested that plaintiff not insist on a trial by jury in a case with little merit and so little at stake. The court also advised plaintiff that he had little chance of building a retaliatory discharge case that would survive directed verdict motions, even if he successfully appealed this court's entry of summary judgment in favor of defendant on the same. The gravamen of plaintiff's argument is that this court's well-informed observations destroyed his faith in the impartiality of the federal court system. This court finds that plaintiff's factual allegations are insufficient to persuade a reasonable observer of an appearance of partiality or bias. Even viewing all of the facts and inferences in a manner most favorable to the plaintiff, the court cannot say that the only conclusion on this record, as a matter of law, is that this court should disqualify itself. Such a ruling would go far to establish the precedent that any suspicion of partiality,

though tenuous and remote in origin, would suffice to compel disqualification and would effectively end the participation of judges in settlement discussions.

■ Plaintiff's affidavit, which this court accepts as true, only proved that in every instance the comments alleged concerned this court's final conclusions or immediate reactions on points of fact or law in the present case. The comments alleged, though harsh, were not insulting, nor do they show overt hostility or the like. As succinctly stated by the former Fifth Circuit:

> It is a district judge's duty to conduct trials, weigh evidence, consider law, exercise its discretion, and reach decisions in the cases on which he sits. If he understands that a seemingly harsh comment toward a party or an attorney ... may subject him to a train of successful recusal motions in future cases, he may consciously or subconsciously shape his judicial actions in ways unrelated to the merits of the cases before him.

*See Phillips*, 637 F.2d at 1020. This court refuses to base a disqualification order on such allegations.

■ In sum, plaintiff's affidavit contains little pertaining to the parties or the subject matter of this case; it could be repeated, word for word, by virtually any disgruntled plaintiff from now until this judge's retirement. Section 455 was not intended to create this type of recusal for whole classes of cases. To the contrary, § 455 does not contemplate that this court disqualify itself on any but the most compelling showing. As no such showing has been made, plaintiff's motion for disqualification is DENIED.

### III. MOTION TO VACATE JUDGMENT

■ Plaintiff James Smith now requests this court to vacate its order of May 1, 1989, dismissing the above-styled action without prejudice by reason of settlement. By its order the court retained complete jurisdiction to vacate its judgment dismissing the action and to reopen the action upon cause shown that the settlement has not been completed and further litigation is necessary. In his motion to vacate this court's judgment, plaintiff Smith alleges that the defendants breached the terms and conditions of the settlement agreement arrived at during the course of a pretrial conference held on May 1, 1989. *See* Plaintiff's Motion to Vacate, at p. 5. Although the defendants thoroughly dispute plaintiff's characterizations of both the terms of the agreed-upon settlement and the events occurring after the May 1, 1989 settlement conference, they, nevertheless, agree with plaintiff that settlement has not been consummated by the parties. *See* Defendants' Response to Plaintiff's Motion to Vacate, at p. 1. Accordingly, upon good cause shown, plaintiff's motion to vacate the judgment dismissing action by reason of settlement is GRANTED.

### IV. MOTION TO VACATE SUMMARY JUDGMENTS

■ Plaintiff also requests this court to vacate its summary judgment orders of November 18, 1987, April 26, 1988, and September 27, 1988, in favor of defendants on plaintiff's retaliatory discharge and state law tort claim. Plaintiff's motion, brought pursuant to *Fed.R.Civ.P.* 60(b)(3), seeks relief from the court's orders granting summary judgment on the grounds that they were obtained through fraud and other misconduct by defendants.

Motions brought pursuant to *Fed.R. Civ.P.* 60(b)(3) to relieve a party from a final judgment or order must be filed within one year of the entry of said judgment or order. The most recent order put in issue by plaintiff's motion is over twenty-one months old. Because more than one year has elapsed between the entry of the original summary judgment orders and the filing of the instant motion, the plaintiff cannot seek relief under Rule 60(b)(3). *See Securities & Exchange Comm'n v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988). Accordingly, plaintiff's Rule 60(b) motion must be DENIED.

### V. SUPPLEMENTAL MOTION TO VACATE SUMMARY JUDGMENT

On April 10, 1990, plaintiff supplemented his Rule 60(b)(3) motion to allege additional

grounds for vacating this court's summary judgment order in favor of defendants on the retaliatory discharge claim. Specifically, plaintiff alleges that the Supreme Court's recent case of *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), significantly altered plaintiff's burden of proof in a discrimination case. This court, having read and interpreted the test articulated in *Hopkins*, concludes that it requires no different result in the present case. Both the test articulated in *Hopkins* and the test relied upon by this court in its earlier order require plaintiff to present direct evidence of an improper motivation in order to shift the burden to defendant employer. Since this court has previously ruled that no direct evidence of such motive was presented, plaintiff's supplemental motion to vacate must be DENIED.

## VI. CONCLUSION

In sum, attorney John R. Gaughen's motion to withdraw as counsel for plaintiff Smith is GRANTED. Plaintiff's motion to disqualify the undersigned is DENIED. Plaintiff's first and supplemental motions to vacate summary judgments are DENIED. Plaintiff's motion to vacate this court's judgment dismissing this action by reason of settlement is GRANTED. The Clerk of Court is DIRECTED to reopen the case. Since a pretrial order has already been received by the court, the above-styled case will be placed on the trial calendar at the next available date.

SO ORDERED.