[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13227
Non-Argument Calendar

_____

D. C. Docket No. 07-20925-CV-JAL

ENRIQUE PATTERSON,

Plaintiff-Appellant,

versus

SALVADOR LEW,
in his individual capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 13, 2008)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Enrique Patterson appeals the district court's sua sponte dismissal of his

complaint to set aside a judgment for fraud upon the court. For the reasons set forth below, we affirm.

## I. BACKGROUND

On August 5, 2004, Patterson filed an amended complaint against Salvador Lew, claiming that Lew, as Director of the Office of Cuba Broadcasting ("OCB"), a federal agency, had racially discriminated against Patterson. Patterson, who is black and Cuban, claimed that he had contracted with the OCB for the production, writing, and voicing of a special features show that would air three times per week. He claimed that his fee was reduced in December 2001 until early 2003 to $85 per performance, but that two other non-black Cubans were hired during the same period and were paid $200 and $400 per performance for their shows that also aired three times a week.

The district court denied Lew's motion for summary judgment and the case was tried before a jury. The jury returned a verdict for Lew on January 3, 2005, and judgment on the verdict was entered on the same day. On January 12, 2005, Patterson filed a Rule 59 motion for new trial, claiming various evidentiary errors, but the district court denied the motion. We affirmed the judgment on appeal in December 2005.

In January 2006, Patterson filed a verified rule 60(b) motion for relief from

2

judgment, claiming that Lew had concealed certain material evidence, namely that several of the non-black contractors whose fees had been reduced in 2001 complained to OCB management and had their fees increased. Patterson claimed that this amounted to fraud on the court that tainted the final judgment. The district court denied Patterson's motion, and Patterson did not appeal.

On April 5, 2007, Patterson filed a complaint to set aside a judgment for fraud upon the court, alleging facts identical to those he had raised in his Rule 60(b) motion. The district court dismissed the complaint sua sponte, and Patterson filed a timely notice of appeal.

## II. STANDARD OF REVIEW

We review a district court's dismissal of an independent action under Fed. R. Civ. P. 60(b) for abuse of discretion. *Booker v. Dugger*, 825 F.2d 281, 285 (11th Cir. 1987).

## III. DISCUSSION

Generally, "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).[1] It is clear that the conduct Patterson complains

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as precedent all decisions from the former Fifth Circuit prior to October 1, 1981.

of was not egregious enough to constitute fraud on the court.

We have consistently held that a fraud between parties is not a fraud on the court. For example, we held in *S.E.C. v. ESM Group, Inc.*, 835 F.2d 270 (11th Cir. 1988), that an attorney's failure to disclose information that may have been helpful to the defense was not fraud on the court. *Id.* at 274. We even declared in that case that perjury does not constitute fraud on the court. *Id.* at 273. Here, Patterson has alleged that Lew failed to disclose that the payments to some of the employees had been increased after those employees complained to management. In support of his position, Patterson cites *Kerwit Medical Prods., Inc. v. N. & H. Instruments, Inc.*, 616 F.2d 833 (5th Cir. 1980). In that case, however, the court declared the "well-settled rule that the mere nondisclosure to an adverse party and to the court of facts pertinent to a controversy before the court does not add up to 'fraud upon the court' for purposes of vacating a judgment under Rule 60(b)." *Id.* at 837. We have squarely held, therefore, that conduct like that which Patterson alleges occurred here does *not* constitute fraud on the court.

## IV.  CONCLUSION

The district court did not abuse its discretion in dismissing Patterson's complaint. Accordingly, we affirm.

**AFFIRMED.**

4