Charles MORANOS and, Edith Moranos, Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD., Defendant.

Case No. 07–22504–CIV.

United States District Court, S.D. Florida.

April 2, 2008.

Gary Eric Susser, Boynton Beach, FL, for Plaintiffs.

Darren Wayne Friedman, Kristen Alexandra Rosenthal, Maltzman Foreman, PA, Miami, FL, for Defendants.

### AMENDED ORDER GRANTING IN PART DEFENDANT'S MOTIONS TO DISMISS; GRANTING PLAINTIFFS' MOTION TO REMAND

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant Royal Caribbean Cruises, Ltd.'s Motion to Dismiss (dkt # 3) and Plaintiffs' Motion to Remand Case to State Court (dkt # 10).

UPON CONSIDERATION of the Motion, the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. BACKGROUND

This is a personal injury action wherein Plaintiff passengers Charles and Edith Moranos ("Plaintiffs") claim to have been injured while disembarking from Defendant Royal Carribean Cruises, Ltd.'s ("Defendant") vessel the Enchantment of the Seas on or about September 16, 2006. Plaintiffs allege that Edith Moranos is a disabled person within the definition of the Americans with Disabilities Act (hereinafter "ADA"). Compl. ¶ 4. Edith Moranos was wheelchair bound when disembarking the vessel, and Plaintiffs allege that Defendant failed to provide assistance for her to disembark. Compl. ¶ 12. As a result of Defendant's failure to provide assistance, Plaintiffs allege that they sustained serious and permanent personal injuries.

The Complaint alleges two negligence claims, one count of "Injury Claim of Edith Moranos Against Royal Caribbean Cruises Ltd." (Count I) and one count of "Injury Claim of Charles Moranos Against Royal Caribbean Cruises Ltd." (Count II). The Complaint also alleges one count titled, "Plaintiff's Claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq." (Count III). Defendant filed this Motion to Dismiss arguing that the Complaint fails to state a negligence claim and arguing that the Plaintiffs do not have standing to sue under the ADA.

Defendant removed this case basing jurisdiction on the federal question raised by the ADA claim. Plaintiffs have moved to have this case remanded to state court.

### II. STANDARD

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). "[A] complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Bowers v. Hardwick*, 478 U.S. 186, 201–02, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986) (Blackmun, J., dissenting) (quotations omitted); see *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts sufficient "to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 127 S.Ct. at 1964–65 (citations and quotes omitted).

## III. ANALYSIS

 Defendant argues that Plaintiffs do not have standing to sue for injunctive relief under the ADA. To meet the "irreducible constitutional minimum of standing," Plaintiffs "must have suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized," and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations omitted).

 "Title III of the ADA targets discrimination by privately operated places of public accommodation." *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 303 (1st Cir.2003). In the context of Title III cases, a plaintiff must "show a real and immediate threat that a particular (illegal) barrier will cause future harm." *Id.* at 305. In this case, the complained of practice is that of not providing a crew member to assist the wheelchair bound Edith Moranos in disembarking from the vessel. Plaintiffs had been a customer of Defendant on six cruises without incident before the single incident presently at issue. Compl. ¶ 36. Plaintiffs allege no similar incidents of discrimination of any kind on the earlier six cruises. Plaintiffs admit that the incident at issue occurred after "the Defendant's crew ... were mostly all off of the ship." It appears that this negligent failure to provide aid was an isolated incident. Additionally, Plaintiffs do not indicate that they have any plans to go on another cruise in the future.

Plaintiffs allege that Defendant intentionally discriminated and continues to discriminate against them and commits "deliberate and knowing continuing violation of the ADA." Compl. ¶¶ 34–36. However, these allegations are conclusory and no facts are alleged to support these statements or to show that the incident at issue was more pervasive than an isolated negligent incident. There are no facts alleged to support that Defendant has a policy or pervasive practice of not helping wheelchair bound customers to embark or disembark. Further, it is questionable that an injunction requiring Defendant to institute an official policy of helping wheelchair bound customers to embark and disembark would redress an injury which appears to be an isolated incident.

The Court finds that Plaintiffs have failed to adequately allege facts necessary to establish standing to bring an ADA claim for injunctive relief. Further, the Plaintiffs concede that the ADA does not provide a private right of action for damages, and that they are only seeking an injunction under the ADA. Pl. Resp. at 5. Accordingly, Count III shall be dismissed.

Because this case was removed to federal court based on federal question jurisdiction conveyed by the now dismissed Count III ADA claim, and because the parties are not of diverse citizenship, the Court no longer exercises jurisdiction over this action. Accordingly, the Court does not address the remaining arguments concerning the negligence claims for Edith and Charles Moranos' injuries.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant Royal Caribbean Cruises, Ltd.'s Motion to Dismiss (dkt # 3) is GRANTED IN PART. To the extent the Motion requests that Count III be dismissed, the Motion is GRANTED. Count III is hereby DISMISSED. It is further

ORDERED AND ADJUDGED that Plaintiffs' Motion to Remand Case to State

Court (dkt #10) is GRANTED. This Court no longer has federal question jurisdiction and the parties are not of diverse citizenship. The Clerk of Court is directed to REMAND this case to the 11th Judicial Circuit Court in and for Miami–Dade County, Florida. The Clerk of Court is further directed to CLOSE this case in the Southern District of Florida. All pending motions not yet ruled upon are DENIED as moot to be refiled in state court if necessary.