[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13416

Non-Argument Calendar

_____

DAVID Q. WEBB,

Plaintiff-Appellant,

*versus*

GWINNETT COUNTY GOVERNMENT,
GWINNETT COUNTY STATE COURT,
DIVISION S3, CHIEF JUDGE,
GWINNETT COUNTY GA DISTRICT ATTORNEY,
GWINNETT COUNTY SHERIFF,

Defendants-Appellees.

_____

2                    Opinion of the Court                    23-13416

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-03527-WMR

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

In 2023, David Q. Webb filed a *pro se* complaint arising out of his detention at the Gwinnett County Jail more than thirty years ago, from September 1990 through February 1991. He claimed that he was illegally detained without booking or any judicial process based on his race, color, and national origin as an African-American man. Seeking money damages, he raised claims under 42 U.S.C. §§ 1983, 1985, and 2000d, alleging violations of his Fourth and Fourteenth Amendment rights, and under state law, O.C.G.A. § 51-2-2. The district court screened the complaint, *see* 28 U.S.C. § 1915(e)(2), and determined it was frivolous because it was plainly barred by Georgia's two-year personal-injury statute of limitations.

We review a dismissal for frivolity for an abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). We "review *de novo* the district court's interpretation and application of the statute of limitations." *United States v. Frediani*, 790 F.3d 1196, 1199 (11th Cir. 2015) (quotation marks omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

As the district court explained, all of Webb's claims, which are based on the same allegations of false arrest and imprisonment, are subject to Georgia's two-year statute of limitations for personal-injury claims, O.C.G.A. § 9-3-33. *See Rozar v. Mullis*, 85 F.3d 556, 560–61 (11th Cir. 1996) (holding that claims brought under §§ 1983, 1985, and 2000d are "measured by the personal injury limitations period of the state"); *McCullough v. Atl. Refining Co.*, 177 S.E. 601, 602 (Ga. Ct. App. 1934) ("Actions for malicious prosecution, for malicious abuse of legal process, for false arrest or false imprisonment, or for malicious use of civil process are all actions for damages for injuries to the person of the party complainant."). And that two-year period began to run no later than the date of his release from jail in February 1991, when "the facts which would support a cause of action [were] apparent or should [have been] apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987); *see Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends.") (quotation marks omitted). Accordingly, Webb's complaint, filed more than thirty years after his release, is barred by the statute of limitations.

Recognizing that his claims are untimely, Webb invokes a purported exception for "fraud upon the court" that, in Webb's view, was "inherent within the Official Court Record" for his state criminal case. He claims that the "savings clause" of Rule 60(d)(1), Fed. R. Civ. P., supersedes the statute of limitations and permits his late claims. Webb is mistaken.

Rule 60 provides for relief from a judgment obtained by fraud, if the moving party seeks relief "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(b)(3). Nonetheless, Rule 60(d)(1) preserves the court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). And "[a]n independent action does not have to be brought within one year." *Sec. & Exch. Comm'n v. ESM Grp., Inc.*, 835 F.2d 270, 273 (11th Cir. 1988).

Because Webb did not seek relief from a judgment or order, though, he cannot rely on Rule 60 or establish the elements necessary to maintain an independent action. *See id.* (stating that the first element of an independent action is "a judgment which ought not, in equity and good conscience, to be enforced"); Fed. R. Civ. P. 60. The complaint's allegations do not reference any judgment in the state criminal case, and his briefing on appeal states that no judgment was entered. Rather, as the district court stated, Webb's complaint sought only money damages for violations of his state and federal rights arising from his alleged false arrest and imprisonment. Accordingly, neither Rule 60 nor an independent action permit relief in this case or exempt Webb's claims from the ordinary limitations period.

For these reasons, we affirm the dismissal of Webb's complaint as barred by the statute of limitations.

**AFFIRMED.**