515 So.2d 180 (1987)
AFM CORPORATION, Plaintiff-Appellee,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant-Appellant.
No. 69202.
Supreme Court of Florida.
October 15, 1987.
Rehearings Denied December 7, 1987.
Christopher Lynch of Adams, Hunter, Angones, Adams, Adams & McClure, Miami, for plaintiff-appellee.
Karen H. Curtis and Stephen B. Gillman of Shutts & Bowen, Miami, for defendant-appellant.
Wayne C. McCall of Ayres, Cluster, Curry, McCall & Briggs, Ocala, for amicus curiae, The Academy of Florida Trial Lawyers.
OVERTON, Justice.
This case is before us on the following questions certified by the Eleventh Circuit Court of Appeals in AFM Corp. v. Southern Bell Telephone and Telegraph Co., 796 F.2d 1467 (11th Cir.1986):
(1) Can a plaintiff suing exclusively in tort recover lost profits?
If the answer to question 1 is yes,
(2) Can negligent or willful breach of a contract alone constitute an independent tort?
If the answer to question 2 is yes,
(3) Can such a tort be the basis of an award of punitive damages if the other criteria for awarding punitive damages are met?
Id. at 1469. We have jurisdiction. Art. V, § 3(b)(6), Fla. Const. We restate the issues into one question as follows:
Does Florida permit a purchaser of services to recover economic losses in tort without a claim for personal injury or property damage?
Consistent with our decision in Florida Power & Light Co. v. Westinghouse Electric Corp., 510 So.2d 899 (Fla. 1987), we answer the question in the negative. We note the certified question in Florida Power & Light concerned the purchase of goods, while the question in this case concerns the purchase of services.
The relevant facts reflect that in March, 1980, AFM Corporation, which sells and services copying machines, entered into an agreement with Southern Bell Telephone and Telegraph Company for including AFM's advertising in the yellow pages. When AFM moved its office, the parties agreed to employ a referral service to assist AFM's prospective customers. When the yellow pages were distributed, AFM's old telephone number was listed which, due to the move, was not the correct current number. Compounding the problem, Southern Bell mistakenly assigned AFM's old phone number to another customer, resulting in an automatic referral system disconnection. After AFM discovered the mistake, Southern Bell reconnected the referral *181 number, but, subsequently, it was again mistakenly disconnected. In asserting a claim for economic losses, AFM chose to proceed solely on a tort theory in the trial court below and specifically announced that it was not basing its tort theory on any agreement between the parties. A more detailed statement of the facts is contained in AFM Corp. v. Southern Bell Telephone and Telegraph Co., 796 F.2d 1467 (11th Cir.1986).
In Florida Power & Light Co., we held that contract principles are more appropriate than tort principles for resolving economic losses resulting from the purchase of a product where there are no personal injury or property damage claims. This holding is consistent with the United States Supreme Court decision in East River Steamship Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), and is the majority view in this country.
In the instant case, AFM contracted with Southern Bell for advertising services. The contract defined the limitation of liability through bargaining, risk acceptance, and compensation. Having entered into a contract, AFM now seeks economic damages for a negligent breach of the contract, under a tort theory.
In Lewis v. Guthartz, 428 So.2d 222 (Fla. 1982), this Court was asked to answer the following certified question:
Where the defendant flagrantly, unjustifiably, and oppressively breaches a contract, and attempts to conceal the breach by the criminal act of making false statements to the government, must the plaintiffs plead and prove that the defendant committed an independent tort against them in order to recover punitive damages?
Id. at 223. We answered that question in the affirmative, holding that there must be a tort "distinguishable from or independent of [the] breach of contract." Id. at 224. In the instant case, AFM has not proved that a tort independent of the breach itself was committed. Consequently, we find no basis for recovery in negligence. Accord Electronic Security Systems Corp. v. Southern Bell Telephone and Telegraph Co., 482 So.2d 518 (Fla. 3d DCA 1986) ("[A] breach of contract, alone, cannot constitute a cause of action in tort... . It is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such breach can constitute negligence." Id. at 519; citations omitted.) Additionally, this holding is consistent with district court of appeal decisions declining to allow a tort claim for economic losses against various service entities based on an underlying contract. See Sprayberry v. Sheffield Auto and Truck Service, Inc., 422 So.2d 1073 (Fla. 1st DCA 1982); Greater Coral Springs Realty, Inc. v. Century 21 Real Estate, Inc., 412 So.2d 940 (Fla. 3d DCA 1982).
In First American Title Insurance Co. v. First Title Service Co., 457 So.2d 467 (Fla. 1984), we addressed a claim against an abstract company for the alleged negligent preparation of an abstract. Although the plaintiff did not contract directly with the abstract company, we found it was a beneficiary of the contract. We expressly declined "to recognize an abstracter's liability in tort for negligence to any and all foreseeable injured parties," id. at 468, but held that the plaintiff established a cause of action as a third party beneficiary of the abstracter's employment contract. We limited the application to parties to the transaction for which the abstract was prepared.
It would appear that our decision in A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973), is inconsistent with the above decisions. In that case, we did approve a recovery for economic losses where there was no personal injury or property damage upon a negligent tort theory. What distinguishes Moyer from the above cases, however, is that the plaintiff was not the beneficiary, either directly or as a third-party beneficiary, of the underlying contract. In that case, we held a general contractor had a cause of action for the alleged negligent supervisory performance by an architect. In so holding, we expressly determined that the contractor was not a party to the contract with the architect, nor was he a third party beneficiary of the contract. We based our decision on the fact that the supervisory responsibilities vested in the architect carried with it a concurrent duty not to injure foreseeable parties not beneficiaries of the contract. We declined in that case to find a basis for the negligence claim under the contract itself, absent a clear intent manifested in the contract. Since there was no contract under which the general contractor could recover his loss, we concluded he did have a cause of action in tort.
We conclude that without some conduct resulting in personal injury or property damage, there can be no independent tort *182 flowing from a contractual breach which would justify a tort claim solely for economic losses. Accordingly, we answer the restated certified question in the negative, and remand to the United States Circuit Court of Appeals for the Eleventh Circuit for its disposition of this matter.
McDONALD, C.J., and SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., concurs in result only.