**AFM CORPORATION, a Florida corporation, Plaintiff–Appellee,**

v.

**SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, a New York corporation, Defendant–Appellant.**

No. 85–5714.

United States Court of Appeals, Eleventh Circuit.

March 4, 1988.

Stephen B. Gillman, Shutts & Bowen, Richard M. Leslie, Miami, Fla., for defendant-appellant.

Christopher Lynch, Miami, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, HENDERSON *, Senior Circuit Judge, and ATKINS **, Senior District Judge.

PER CURIAM:

The facts of this case are set out in the original panel decision certifying three questions of law to the Supreme Court of Florida pursuant to Rule 9.150, Florida Rules of Appellate Procedure. *AFM Corp. v. Southern Bell Telephone and Telegraph Corp.,* 796 F.2d 1467 (11th Cir. 1986). We certified the following three questions:

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

(1) Can a plaintiff suing exclusively in tort recover lost profits?

If the answer to question 1 is yes,

(2) Can negligent or willful breach of a contract alone constitute an independent tort?

If the answer to question 2 is yes,

(3) Can such a tort be the basis of an award of punitive damages if the other criteria for awarding punitive damages are met?

The Supreme Court of Florida restated these issues into the following question:

Does Florida permit a purchaser of services to recover economic losses in tort without a claim for personal injury or property damage?

The court then answered the restated question in the negative. *AFM Corp. v. Southern Bell Telephone and Telegraph,* 515 So.2d 180 (Fla.1987). Accordingly, the district court's judgment must be

REVERSED.