# BUYERS APPLIANCES, INC. v SACKS
## Case No. 89-15103 (15)
Seventeenth Judicial Circuit, Broward County

January 22, 1990

### APPEARANCES OF COUNSEL

**David Mesnekoff, Esquire,** for appellant.

**Harold and Lillian Sacks,** pro se.

### OPINION OF THE COURT

ARTHUR M. BIRKEN, Circuit Judge.

*ORDER REVERSING FINAL JUDGMENT ON ISSUE OF
PUNITIVE DAMAGES*

This cause having come on appeal from the Final Judgment entered by the County court on April 28, 1989 against Buyers Appliances, Inc. (hereinafter Buyers) and in favor of Harold Sacks and Lillian Sacks. Upon reviewing the Record on Appeal, this Court reverses the Final Judgment on the issue of punitive damages.

In August 1986 Mr. Sacks bought a new home and sought to upgrade Whirlpool appliances provided by the builder. Mr. Sacks paid

1

$980 for a new microwave oven, the dishwasher, the washing machine and the clothes dryer. On August 29, 196 A Speed Queen washing machine model HA 5591 was delivered to Sacks' residence.

About two years later, when the washing machine was not working properly, Mr. Sacks contacted Buyers Appliances, Inc. for service. Buyers sent a serviceman on September 12, 1988 to the Sacks residence, who installed a new pump in the machine. The total cost of the repair, $121.90, was paid by Mr. Sacks.

The new pump did not alleviate[alleviate] the problem, therefore, Sacks contacted AABA Appliance Service, Inc. to inspect the washing machine and consult them as to the cause of a defective operation. Sacks was advised that the transmission must be replaced at an estimated cost of $300.00. On October 5, 1988, the serviceman from Buyers examined the washing machine and advised Sacks that the transmission needed to be replaced and estimated the cost of such replacement at $150.00 payable in two installments, namely, $75.00 payable immediately and the balance of $75.00 payable upon completion of installation of a new transmission and redelivery to Sacks' home. Mr. Sacks produced a check for $75.00, and the washing machine was taken for repairs.

Buyers alleges that the new transmission was not received till November 28, 1988 from Mareone Appliance Parts, because an incorrect part was delivered and a new order had to be placed. The washing machine was delivered to Sacks' residence on December 17, 1988 and Sacks alleged that the reason for such delay was never disclosed to them.

Mr. Sacks did not pay the balance of $75.00, because he felt that the machine was still not operating properly. The serviceman was instructed by Buyers not to complete the installation, unless the balance due was paid by Sacks.

Mr. Sacks stored a Speed Queen washing machine at a friend's garage and purchased a new washing machine from Sears Roebuck Co. for $455.79.

On January 27, 1989 Sacks filed a Statement of Claim in the County Court against Buyer alleging breach of warranty and failure to perform complete repairs to a washing machine. Furthermore, the Statement of Claim sought damages in the amount of $677.69 plus $125.00 compensatory damages and $1000.00 punitive damages. The County Court in its Final Judgment granted Plaintiff $802.69 plus punitive damages in the amount of $1000.00 plus court costs in the amount of $67.50.

Punitive damages for breach of contract are barred by Florida law.

*John Brown Automation, Inc. v Lewis J. Nobles, Jr.,* 13 FLW 2751 (Fla. 4th DCA 1988); *AFM Corp. v Southern Bell Telephone and Telegraph Co.,* 515 So.2d 180 (Fla. 1987); *Lewis v Guthartz,* 428 So.2d 222 (Fla. 1982). However, these cases recognize that a separate and independent tort, if plead and proved, will support a claim for punitive damages. To be independent such tort must be distinguishable from or independent of the breach of contract. Furthermore, the Supreme Court of Florida stated that damages sustained by that tort must be of a particular kind: "We conclude that without some conduct resulting in personal injury or property damage, there can be no independent tort flowing from a contractual breach which would justify a tort claim solely for economic losses." *AFM Corp.,* 515 So.2d 180, 182.

Punitive damages may be awarded when tortious injuries to the Plaintiff are committed with fraud, actual malice, or deliberate violence or oppression, or the tort feasor's conduct is so willful or grossly negligent as to indicate wanton disregard of the rights of others. *Johns-Manville Sales Corp. v Janssens,* 463 So.2d 242 petition, *review denied,* 467 So.2d 999.

Upon review of the Record on Appeal, this Court finds that Appellant did not plead and prove an independent tort distinguishable from the breach of contract. The delay, for whatever reasons, in the installation of a new transmission and delivery of the washing machine to Mr. Sacks, and inability of the Defendant to properly repair the washing machine does not amount to reckless, malicious or offensive conduct as to support an award of punitive damages under Florida law.

Accordingly,

IT IS ORDERED AND ADJUDGED that:

This Court reverses the Final Judgment entered against Buyers Appliances, Inc. on the issue of punitive damages; sustains the Trial Judge's conclusions on all other points constituting this cause of action and remands this matter for entry of the Final Judgment consistent with this order.

DONE AND ORDERED in Chambers, Fort Lauderdale, Florida, on this 22nd day of January, 1990.