**AIRLINES REPORTING CORPO-RATION, a Delaware corpora-tion, Plaintiff,**

v.

**ATLANTIC TRAVEL SERVICE, INC. and Luis A. Gulisano, Defendants.**

No. 93–0384–CIV.

United States District Court, S.D. Florida.

Oct. 21, 1993.

through V of Plaintiff's Complaint (D.E. 6), filed April 27, 1993.

## I. Background

Plaintiff, Airlines Reporting Corporation ("ARC"), is an agency of the air carriers that utilize the airways of the United States and in that capacity provides services related to the control, distribution, and processing of airline tickets. Atlantic Travel is a travel agency with its principal place of business in the state of Florida.

On or about October 3, 1989, Atlantic Travel entered into an agreement with ARC by which it was authorized to order and receive airline tickets from Plaintiff and to sell such tickets to the general public. Under the terms of the agreement, Atlantic Travel was to report to and pay Plaintiff on a weekly basis for airline tickets ordered, received, and used during the preceding week. ARC alleges that Atlantic Travel and Gulisano, as an officer and/or director of Atlantic Travel, breached their agreement and committed several torts including: breach of fiduciary duty, conversion, common law fraud, and negligence when Defendants failed to pay $211,079.67 worth of airline tickets. Defendants seek to dismiss Counts II through V of the Complaint on the basis that the ARC is prohibited from alleging tort claims by the "economic loss rule."

## II. Discussion

### A. Standard of Review

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that under no set of facts can plaintiff state a cause of action which would entitle them to relief. *Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir.1986). In ruling on a motion to dismiss, a federal court must view the complaint in the light most favorable to the plaintiff and take its allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Quinones v. Durkis*, 638 F.Supp. 856 (S.D.Fla.1986). When a federal court considers a motion to dismiss at the pleadings stage, it must apply the Federal Rules of Civil Procedure. Fed.

Richard A. Cooter, Alexandria, VA, and Michael Hursey, Ft. Lauderdale, FL, for plaintiff.

Sharon L. Blake, Rasco & Reininger, P.A., Miami, FL, for defendants.

ORDER AND MEMORANDUM OPINION

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Defendants Atlantic Travel Service, Inc. ("Atlantic Travel") and Luis A. Gulisano's ("Gulisano") Motion to Dismiss Counts II

R.Civ.P. 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Caster v. Hennessey,* 781 F.2d 1569, 1570 (11th Cir.1986). Courts have interpreted this standard liberally. While the pleading must be sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests, the pleader is not required to set forth in detail facts upon which the claim is based. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Neizil v. Williams,* 543 F.Supp. 899 (M.D.Fla.1982). "Finally, the issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hammer v. Armstrong World Industries,* 679 F.Supp. 1096, 1098 (S.D.Fla. 1987).

*B. Economic Loss Rule*

■ The Florida Supreme Court has addressed the issue of the application of the "economic loss rule" and has held that without evidence of personal injury or property damage, a plaintiff cannot raise tort claims to recover solely economic damages flowing from a breach of contract. *AFM Corporation v. Southern Bell Telephone and Telegraph Co.,* 515 So.2d 180 (Fla.1987); *Florida Power & Light Company v. Westinghouse Electric Corp.,* 510 So.2d 899 (Fla.1987); *Interstate Securities Corporation v. Hayes Corp.,* 920 F.2d 769 (11th Cir.1991). The Court in *AFM Corporation* determined that parties to a contract can only seek tort damages if conduct occurs that establishes a "tort 'distinguishable from or independent of [the] breach of contract.'" 515 So.2d at 181; *Id.* If a claimant, however, does not have a contractual remedy because no contract exists, then this lack of alternate means of recovery provides claimant with an exception to the economic loss rule. *See Interstate Securities,* 920 F.2d at 777; *Latite Roofing Company v. Urbanek,* 528 So.2d 1381 (Fla. 4th DCA 1988).

ARC's position as specified in the complaint is that Defendants breached an agreement between the parties by failing to pay $211,079.67 worth of tickets ordered, received, and utilized by Defendants during the months of November 1990 through April 1991. Moreover, ARC claims that Defendants' failure to pay for the $211,079.67 worth of tickets constituted a breach of fiduciary duty, conversion, common law fraud, and negligence.

The Court of Appeals for the Eleventh Circuit's analysis of the "economic loss rule" in *Interstate Securities Corporation v. Hayes Corp.,* 920 F.2d 769 (11th Cir.1991) provides ample guidance on the issue before this Court. In *Interstate,* plaintiff, a securities brokerage firm, entered into three contracts with the defendant corporation (hereafter "defendant") allowing defendant to trade options through plaintiff's account. Defendant wrote options for stock in Reebok International for plaintiff's account. After a quick rise in Reebok stock, however, the equity at the plaintiff's account written by defendant was rapidly depleted. Shortly thereafter, plaintiff liquidated the account and filed suit against defendant to recover the amount allegedly owed the plaintiff by defendant. Defendant counterclaimed for breach of fiduciary duty and negligent handling of accounts. Defendant argued that plaintiff breached the duty imposed by Florida law upon brokers not to act negligently in the handling of customer accounts, by making investment decisions in the account that increased its losses. At trial, the defendant's counterclaims were rejected and defendant appealed.

The primary issue raised on appeal was whether the "economic loss rule" barred defendant's negligence and breach of fiduciary duty claims. The Court of Appeals detailed its analysis of *AFM Corporation v. Southern Bell Telephone & Telegraph Co.,* 515 So.2d 180 (Fla.1987), the leading case on the "economic loss rule," and held that the negligence and breach of fiduciary duty claims are foreclosed under *AFM Corporation* when there's an agreement signed by both parties and alternative theories of recovery exist.

■ Specifically as to the fiduciary duty claim, the Eleventh Circuit reasoned that Florida law imposes the duty upon the account manager only after an agreement has been entered into with an investor. Hence,

if parties have entered into an agreement, a claim for breach of fiduciary duty must be dismissed since it is dependent upon the existence of a contract. *Interstate Securities,* 920 F.2d at 776–77.

### C. Application of the Economic Loss Rule

 In the instant case, the parties entered into the Agent Reporting Agreement on or about October 3, 1989. The gravamen of Plaintiff's Complaint is ex contractu. ARC has failed to state an independent or distinguishable cause of action against Defendants in tort for breach of fiduciary duty, fraud, conversion or negligence. ARC's claims are solely for economic damages flowing from Defendants' alleged breach of contract. In their Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss, Plaintiff makes three arguments.

First, Plaintiff argues that the economic loss rule is only applicable to a party to a contract. Plaintiff argues that since Defendant Gulisano was not a party to the contract, the economic loss rule does not apply to the Counts as alleged against him. However, Plaintiff ignores that fact that Gulisano was sued as an officer and/or director acting on behalf of Atlantic Travel. Moreover, no where in Plaintiff's complaint is Gulisano singled-out in the complaint for any wrongful conduct different from that alleged in the breach of contract claim against Atlantic Travel. Accordingly, the Court finds that Defendant Gulisano was a party to the contract; therefore, the economic loss rule applies to Defendant Gulisano.

Secondly, Plaintiff argues that Atlantic Travel's conduct constituted a breach of fiduciary duty, conversion and common law fraud independent or distinguishable from the breach of contract. Plaintiff cites *Pinnacle Port Community Association v. Orenstein,* 872 F.2d 1536 (11th Cir.1989) to support its position. However, the Eleventh Circuit, in *Pinnacle,* allowed Plaintiff to sue in tort despite the economic loss rule because the claim involved an affirmative act which resulted in damage to property, not mere loss due to incomplete or unsatisfactory contractual performance. *Pinnacle, Id.* at 1546. Here, Plaintiff has alleged no personal injury or property damages. Therefore, the economic loss rule applies in this case.

 Lastly, Plaintiff argues that even if the economic loss rule precludes their tort claims, Plaintiff may still recover punitive damages under its breach of contract claim. It is well established under Florida law, and the general rule elsewhere, that punitive damages may not be awarded in cases based upon pure breach of contract. *Southern Bell Telephone & Telegraph Co. v. Hanft,* 436 So.2d 40, 42 (Fla.1983). In order to support recovery for punitive damages in a contract case, the plaintiff must establish a separate, independent, actionable tort. *Lake Placid Holding Co. v. Paparone,* 508 So.2d 372 (Fla. App. 2 Dist.1987). Since Plaintiff has not established a separate, independent, actionable tort from the breach of contract, this Court finds that Plaintiff is not entitled to punitive damages.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Counts II through V is hereby GRANTED.

**DONE AND ORDERED.**