COPE, Judge.
National Marine Underwriters, Inc., appeals an adverse summary final judgment. We affirm.
The insured, Larry Hollenback (“owner”) bought a new power boat manufactured by appellee Donzi Marine Corporation. While the boat was at a storage facility, an electrical component malfunctioned, causing a fire. The boat and its contents were destroyed. Among the contents was an $1,800 Loran, *177 which was a navigational instrument placed on board by the owner.
Appellant National Marine Underwriters, Inc., was the owner’s insurer. The insurance policy covered the hull, but not personal property. Accordingly, the insurer paid the owner for the destruction of the vessel itself, but not for the Loran or any of the other contents.
The insurer then brought the instant lawsuit as subrogee of the owner, asserting a tort claim for products liability against the manufacturer Donzi,[1] and against appellee IMTRA Corporation, manufacturer of the defective electrical component which caused the fire. In this case, the insurer seeks damages for the vessel, but does not make a claim for the value of the Loran or other contents, since it did not make payment therefor. Relying on the economic loss rule, the trial court entered summary judgment in favor of both defendant manufacturers. The insurer has appealed.
The insurer begins with the premise that a manufacturer may be sued in tort where a product malfunction causes damage to property other than the product itself. See generally Casa Clara Condominium Ass’n, Inc. v. Charley Toppino & Sons, Inc., 620 So.2d 1244 (Fla.1993). In the present case the fire destroyed valuable personal property on board the vessel. The insurer argues that the owner would be allowed to sue the manufacturer in tort for loss of the boat’s contents and for the destruction of the vessel itself. The insurer argues that as subrogee it can make the same claims and, more particularly, that it is allowed to sue the manufacturer in tort for loss of the vessel alone.
The threshold problem with the insurer’s position is that the insurer is not making an actual claim in this lawsuit for damage to the vessel contents. The Florida Supreme Court has said, “[Cjontract principles are more appropriate than tort principles for resolving economic losses resulting from the purchase of a product where there are no personal injury or property damage claims.” AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180, 181 (Fla.1987) (emphasis added; citation omitted). It is not enough that the vessel fire caused damage to contents. Under AFM, the plaintiff must actively assert a claim for property damage (other than to the product itself) or personal injury in order to be able to proceed in tort. Id.; see also West v. Caterpillar Tractor Co., 336 So.2d 80, 89 (Fla.1976) (“[T]he duty of a manufacturer for breach of which liability will attach runs only to those who suffer personal injury or property damage.... ”). Consequently, the trial court correctly entered summary judgment in favor of the defendant-appellee.[2]’[3]
Affirmed.

. The owner bought the vessel through a dealer, not directly from Donzi. Donzi issued a warranty covering the vessel, but the warranty is not at issue on this appeal.

. Now pending in the Florida Supreme Court is a case presenting facts similar to the facts of the instant appeal. See Airport Rent-A-Car, Inc. v. Prevost Car, Inc., 18 F.3d 1555 (11th Cir.) (certifying questions to Florida Supreme Court), juris, accepted, 641 So.2d 1344 (Fla.1994).

.We need not reach the question of what would be the allowable claims if the insurer had paid for contents as well as the hull, and brought a subrogation action in tort asking damages for both.