**R.A.M. SOURCING AGENCY, INC., Plaintiff,**

v.

**SEABOARD MARINE, LTD., et al., Defendants.**

**No. 96–2572–CIV.**

United States District Court, S.D. Florida, Miami Division.

Aug. 29, 1997.

Robert W. Blanck, Blanck & Gryboswski, Miami, FL, for Seaboard Marine, Ltd.

Andrew Specter, Miami, FL, for Maritime Trading Group, Inc.

Martin I. Lindahl, Badiak Will & Kallen, Miami, FL, for plaintiff.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant Maritime Trading Group, Inc.'s ("MTG") Motion To Dismiss Complaint ("Motion To Dismiss") (DE # 6).

UPON CONSIDERATION of the Motion To Dismiss, response thereto, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order granting MTG's Motion To Dismiss and granting Plaintiff R.A.M. Sourcing Agency, Inc. ("R.A.M.") leave to amend its Complaint.

## BACKGROUND

This admiralty action arises out of the alleged misdelivery of 394 cartons of wearing apparel to the incorrect port in Chile. The Complaint alleges that the cargo in question was to be transported from Miami, Florida, by sea, to Valparaiso, Chile. The cartons were allegedly misdelivered to Iquique, Chile. In Count V of the Complaint, R.A.M. sues MTG, an ocean freight forwarder, for negligence in booking the cargo to the incor-

rect port. *See* Complaint at ¶¶ 23, 24.[1] MTG asks the Court to dismiss the negligence count pursuant to Florida's economic loss doctrine.

## DISCUSSION

### I. Standard for Motion To Dismiss

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint—it does not decide the merits of the case. *See Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations in the complaint as true. *See SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.), *cert. denied sub nom. Peat Marwick Main & Co. v. Tew,* 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). A court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (citations omitted); *South Florida Water Management Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996).

### II. The Economic Loss Doctrine

 Under the economic loss doctrine, a party may not raise tort claims to recover solely economic losses arising from a breach of contract unless there is evidence of physical injury or damage to other property. *Casa Clara Condominium Association, Inc. v. Charley Toppino and Sons, Inc.,* 620 So.2d 1244, 1247 (Fla.1993); *Florida Power & Light Co. v. Westinghouse Electric Corp.,* 510 So.2d 899, 902 (Fla.1987). The economic loss doctrine applies to service contracts as well as contracts for the purchase of goods. *AFM Corp. v. Southern Bell Telephone and Telegraph Co.,* 515 So.2d 180, 180 (Fla.1987) (holding that a purchaser of services may not recover economic losses in tort without a claim for personal injury or property damage). Economic losses are defined as damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits. *Casa Clara,* 620 So.2d at 1246. Economic losses do not encompass claims for personal injury or damage to other property. *Id.*

MTG claims that R.A.M.'s count for negligence falls within the economic loss doctrine and, therefore, is subject to dismissal by the Court. MTG argues R.A.M. is barred from recovery because it has merely sustained economic losses as a result of the alleged negligence. *See* MTG's Motion To Dismiss at p. 3. MTG further contends that no contract exists between MTG and R.A.M. *See id.* at pp. 3, 7.

 R.A.M. does not allege the existence of a contract in its Complaint or in response to the Motion To Dismiss. R.A.M., however, makes two arguments in an attempt to persuade the Court not to apply the economic loss doctrine to this case. First, R.A.M. contends that the economic loss doctrine should not be applied in a case involving federal maritime law.[2] The Court disagrees. In *East River Steamship Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858,

---

1. R.A.M. also sues Seaboard Marine Ltd. ("Seaboard") and Surf Carriers, Inc. ("Surf"), both ocean carriers. Seaboard and Surf were each sued for breach of contract and under a bailment theory. By Order dated August 26, 1997, the Court dismissed Count II against Seaboard.

2. In MTG's Reply Memorandum (D.E.# 12), MTG concludes that the count against MTG is not within the Court's admiralty jurisdiction because MTG's activities regarding the shipment did not take place at sea. *See* MTG's Reply Memorandum in Support of Its Motion To Dismiss the Complaint at p. 3. MTG explains that

booking services performed by an ocean freight forwarder are not within maritime jurisdiction. The Court need not determine whether MTG's actions are sufficient to invoke the Court's admiralty jurisdiction because it finds the economic loss doctrine applicable to admiralty actions, *East River Steamship Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), and non-admiralty actions, *Casa Clara Condominium Association, Inc. v. Charley Toppino and Sons, Inc.,* 620 So.2d 1244 (Fla.1993).

106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), the Supreme Court of the United States specifically found the economic loss rule applicable to admiralty actions. Second, R.A.M. claims that the Court should allow it to proceed on its negligence count because no alternative means of recovery exists in this case. R.A.M. asks the Court to apply an exception to the economic loss doctrine allowing a tort cause of action for economic losses when "no alternative remedy" exists. *See American Eagle Credit Corp. v. Select Holding, Inc.,* 865 F.Supp. 800, 815 (S.D.Fla.1994); *Airlines Reporting Corp. v. Atlantic Travel Service, Inc.,* 841 F.Supp. 1166, 1168 (S.D.Fla.1993); *Latite Roofing Company v. Urbanek,* 528 So.2d 1381 (Fla. 4th DCA 1988).[3]

Subsequent to the decisions cited above, the Supreme Court of Florida, in *Airport Rent–A–Car, Inc. v. Prevost Car, Inc.,* 660 So.2d 628 (Fla.1995), found that the economic loss rule cannot be circumvented by the "no alternative theory of recovery" exception unless the required supervisory responsibilities enunciated in *A.R. Moyer, Inc. v. Graham,* 285 So.2d 397 (Fla.1973), are present.[4] The Florida Supreme Court based its decision in *Moyer* on "the fact that the supervisory responsibilities vested in the architect carried with it a concurrent duty not to injure foreseeable parties not beneficiaries of the contract." *Airport Rent–A–Car,* 660 So.2d at 631. Construing the Complaint in the light most favorable to R.A.M. and accepting the allegations contained therein as true, as the Court must for purposes of ruling on a motion to dismiss, *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.), *cert. denied sub nom. Peat Marwick Main & Co. v. Tew,* 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988), the Court finds that the Complaint, as framed, does not attribute to MTG the "required supervisory responsibilities" enunciated in *Moyer.*

The count against MTG is due to be dismissed under a second application of the economic loss doctrine. In general, the economic loss doctrine applies when there is an absence of privity between a plaintiff and a defendant. *Florida Building Inspection Services, Inc. v. Arnold Corp.,* 660 So.2d 730, 731 (Fla. 3d DCA 1995) (citations omitted). In *Florida Building,* decided shortly after *Airport Rent–A–Car,* the Third District Court of Appeals noted that Florida courts have recognized exceptions to the economic loss doctrine and allowed recovery from certain types of negligent providers of services who were not in privity with the plaintiff. *Id.* at 732 (citations omitted). In those cases, a duty was established to plaintiffs who were identifiable third party beneficiaries of a contract to provide services. *Id.* As framed, the Complaint does not satisfy the standard enunciated in *Florida Building.* In its Complaint, R.A.M. neither claims status as a third party beneficiary of a contract nor does it allege the existence of an underlying contract to which MTG is a party.

## CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that the Motion To Dismiss be, and the same is hereby, GRANTED with leave for R.A.M. to amend the Complaint to comply, if possible, with the binding Florida decisions discussed above. R.A.M. shall file an Amended Complaint within eleven (11) days from the date of this Order.

---

**3.** The *Casa Clara* decision specifically disapproved of *Latite Roofing Co., Inc. v. Urbanek. Casa Clara Condominium Association, Inc. v. Charley Toppino and Sons, Inc.,* 620 So.2d 1244, 1248 (Fla.1993).

**4.** The Court is aware that the *Airport Rent–A–Car* decision dealt with a defective product. The *Airport Rent–A–Car* Court made no mention of the decision's application to actions involving services. The Supreme Court of Florida has previously held, however, that the economic loss doctrine applies to actions involving services. *See AFM Corp. v. Southern Bell Telephone and Telegraph Co.,* 515 So.2d 180, 180 (Fla.1987). Accordingly, the Court concludes that the holding in *Airport Rent–A–Car* applies whether an action involves products or services.