**PERFUMERIA ULTRA, S.A DE C.V.,
a Mexican corporation, Plaintiff,**

v.

**MIAMI CUSTOMS SERVICE,
INC., et al., Defendants.**

**No. 02–22456–CIV.**

United States District Court,
S.D. Florida.

Nov. 4, 2002.

---

Ricardo Jesus Cata, Alan Fiedel, and Cynthia Marie Weisz, Wilson Elser Moskowitz Edelman & Dicker, Miami, FL, for Plaintiffs.

Edward M. Joffe, Sandler Travis & Rosenberg, Miami, FL, for Defendant Miami Customs Service, Inc.

William R. Boeringer, Hayden & Milliken, Coral Gables, FL, Manuel Antonio Garcia–Linares, Richman Greer Weil Brumbaugh, Mirabito & Christensen, Miami, FL, for Defendant Pittsville Services, Inc.

Robert William Blanck and Jonathan Scott Cooper, Blanck & Perry, Miami, FL, for Hyde Shipping Company.

### *ORDER GRANTING DEFENDANT MIAMI CUSTOMS SERVICE, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

UNGARO–BENAGES, District Judge.

THIS CAUSE is before the Court upon Defendant Miami Customs Service, Inc.'s Motion to Dismiss, or, in the Alternative, for Partial Summary Judgment, filed September 26, 2002.

THE COURT has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises. On September 11, 2002, Plaintiff Perfumeria Ultra S.A. de C.V. ("Perfumeria") filed an Amended Complaint for Damages ("Complaint") containing ten counts against three defendants, namely Miami Customs Service, Inc. ("Miami Customs"), Pittsville Services, Inc.-Florida ("Pittsville") and Hyde Shipping Corp. ("Hyde"). Counts I (negligence), II (breach of contract), and III (breach of bailment) are against Miami Customs and relate to a single incident, a shipment of goods that was stolen on September 4, 2001. After a review of the record, this Court is unable to resolve the present

motion as a motion to dismiss but, for the reasons stated below, grants Miami Customs' motion for partial summary judgment.

*Standard for Summary Judgment*

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The *Adickes* Court explained that when assessing whether the movant has met this burden, the court should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *See Adickes,* 398 U.S. at 157, 90 S.Ct. 1598; *Poole v. Country Club of Columbus, Inc.,* 129 F.3d 551, 553 (11th Cir.1997) (citing *Adickes* ).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

If the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *See Environmental Defense Fund v. Marsh,* 651 F.2d 983, 991 (5th Cir.1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that

should be drawn from these facts. *See Lighting Fixture & Elec. Supply Co. v. Continental Ins. Co.,* 420 F.2d 1211, 1213 (5th Cir.1969). If reasonable minds might differ on the inferences arising from undisputed facts then the Court should deny summary judgment. *See Impossible Electronic Techniques, Inc. v. Wackenhut Protective Sys., Inc.,* 669 F.2d 1026, 1031 (5th Cir.1982). *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the non-moving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *See Adickes,* 398 U.S. at 160, 90 S.Ct. 1598. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *See Brunswick Corp. v. Vineberg,* 370 F.2d 605, 611–12 (5th Cir.1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

*Facts*

Perfumeria is a company in the business of selling jewelry, perfume and other high-end products in Mexico. Plaintiff's Memorandum of Law in Opposition to Miami Customs Service, Inc.'s Motion, at 2. Miami Customs operates a warehouse facility in for bonded cargo to be exported to foreign destinations, including Mexico. *Id.* On or about August 2001, Perfumeria contracted with Miami Customs for the ware-

housing, safe keeping, loading and shipping of various items of duty-free bonded cargo from Port Everglades to Puerto Morelo, Mexico. Complaint ¶ 24. On or about August 2001, Miami Customs procured from Hyde a container for loading and subsequent shipping of Perfumeria's duty-free cargo. On September 4, 2001, Miami Customs loaded the aforementioned container with Perfumeria's duty-free cargo and released the container to an individual carrying altered identification and alleged to have been a driver of Pittsville. Complaint ¶ 26. The container holding Perfumeria's cargo was stolen. *Id.*

At the time of the theft, Perfumeria and Miami Customs had a long standing business relationship. Memorandum of Law in Support of Defendant Miami Customs' Motion, at 3. Prior to September 2001, Perfumeria had received and paid over six hundred of Miami Customs' invoices that were sent to Perfumeria after the delivery of shipments. Plaintiff's Memorandum of Law in Opposition to Miami Customs Service, Inc.'s Motion, at 5, 7. These invoices contained the following language:

These terms and conditions of service constitute a legally binding contract between the "Company" and the "Customer". In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document(s) shall govern those services.

. . . . .

9. Disclaimers; Limitation of Liability.
 (a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services;
 (b) Subject to (c) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties;
 (c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared valued to the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s).
 (d) In the absence of additional coverage under (b) above, the Company's liability shall be limited to the following:
 i. Where the claim arises from activities other than those relating to customs brokerage, $50.00 per shipment or transaction, or
 ii. Where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less;
 (e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages.

On two occasions prior to September 2001, Miami Customs lost merchandise belonging to Perfumeria. Affidavit of Miguel Angel Compean, ¶ 10. For the lost merchandise of the first incident, Miami Customs credited Perfumeria one thousand (1,000) dollars. *Id.* Similarly, Miami Customs credited Perfumeria ten thousand dollars for the merchandise lost in the second incident which occurred in June

2001. *Id.* In both instances, Miami Customs "credited Perfumeria for the losses after negotiations without objections and obligation [and ] ... did this as a gesture of goodwill." *Id.*

*Analysis*

Miami Customs argues that Perfumeria "understood and agreed to by bound by ... [Miami Customs'] Terms and Conditions" as contained in the invoices. Memorandum of Law in Support of Miami Customs' Motion, at 6. Alternatively, Miami Customs argues that even without an express understanding, Perfumeria's payment of over six hundred invoices, which contained language limiting liability, over the course of the parties' business relationship constitutes a course of dealing, making the invoices' terms and conditions part of the parties' agreement. Accordingly, Miami Customs argues that its liability should be limited to fifty (50) dollars.

 Whether a course of dealing exists between parties to a transaction is a question of fact. *See, e.g., Allapattah Services, Inc., et al., v. Exxon Corp.,* 61 F.Supp.2d 1308, 1315 (S.D.Fla.1999). A course of dealing is a "sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct."[1] U.C.C. § 1–205(1); *Fishman & Tobin, Inc., et al., v. Tropical Shipping & Construction Co., Ltd.,* 240 F.3d 956 (11th Cir.2001). Perfumeria does not contest the fact that it has a long business relationship with Miami Customs; that each invoice (over six hundred of them) it received from Miami Customs-and paid-contained the same terms limiting Miami Customs's liability to fifty dollars; and that it knew of such limitations, did not object to them and continued to do business with Miami Customs. Accordingly, this Court finds there is no issue of fact that the parties' prior course of dealing incorporated Miami Customs' liability limitation provision into its bargain with Perfumeria. As a result, Miami Customs' liability is limited to fifty (50) dollars.

Perfumeria argues that a course of dealing cannot be established in this case because Miami Customs failed to raise the limitations on two occasions when it lost merchandise belonging to Perfumeria. Plaintiff's Memorandum of Law in Opposition to Miami Customs Service, Inc.'s Motion, at 7. However, Perfumeria admits that Miami Customs "credited Perfumeria for the losses after negotiations *without objections and obligation* [and] ... did this *as a gesture of goodwill.*" Affidavit of Miguel Angel Compean, at 4 (emphasis added). Therefore, it is undisputed that Miami Customs did not waive its right to assert the limitation provision, and that the two instances where Miami Customs credited Perfumeria have no bearing on the parties' course of dealing.

 Miami Customs further argues that the economic loss doctrine warrants dismissal of counts I (negligence) and III (breach of bailment) of Perfumeria's complaint. Courts have held that contract principles are more appropriate than tort principles for resolving economic losses[2]

---

1. Because the section regarding "course of dealing" is found in Article 1, General Provisions, of the U.C.C., "it is not limited to agreements for the sale of goods but applies to all commercial contracts." E. ALLAN FARNSWORTH, CONTRACTS § 7.13 (3d ed.1999).

2. The court in *Casa Clara Condominium Ass'n v. Charley Toppino and Sons, Inc.* stated that

economic losses are " 'disappointed economic expectations,' which are protected by contract law, rather than tort law." 620 So.2d 1244, 1246 (Fla.1993) (internal citation omitted). The rationale for the rule is that "tort law was designed to protect the interest of society as a whole by imposing a duty of reasonable care to prevent property damage or physical harm

resulting from the purchase of a product or service, when there are no personal injury or property damage claims. *See, e.g., Florida Power & Light Co. v. Westinghouse Electric Corp.,* 510 So.2d 899, (Fla.1987); *AFM Corp. v. Southern Bell Telephone and Telegraph Co.,* 515 So.2d 180 (Fla.1987). The purchaser of services cannot "recover purely economic loss due to the negligence arising from a breach of contract where the purchaser has not shown the commission of a tort independent of the breach itself." *Moransais v. Heathman,* 744 So.2d 973, 981 (Fla.1999) (referring to the court's decision in *AFM Corp. v. Southern Bell Telephone and Telegraph Co.,* 515 So.2d 180 (Fla.1987)). Courts have refused to extend the "economic loss" rule to actions based on fraudulent inducement, *see HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.,* 685 So.2d 1238 (Fla.1996), negligent misrepresentation, *see PK Ventures, Inc. v. Raymond James & Ass.,* 690 So.2d 1296 (Fla.1997), and where the action involves "a special relationship between a professional and third parties who might be affected by the professional's negligent acts." *See Moransais,* 744 So.2d at 982.

■ This case does not fall within the category of cases where courts has refused to apply the economic loss rule. Indeed, this case is not one involving negligent misrepresentation, fraudulent inducement, or a situation where a special relationship exists between a professional and third parties. Additionally, the aggrieved party's damages emanate from a breach of contract and not from an independent tort. Indeed, Perfumeria's damages resulted from Miami Customs' breach of the parties' contract for the warehousing, safe keeping, loading and shipping of the duty-free cargo from Port Everglades to Mexico, and not from an independent tort. As a result, Perfumeria's right of recovery from the September 2001 theft is purely contractual. *See AFM Corp. v. Southern Bell Telephone and Telegraph Co.,* 515 So.2d 180 (Fla.1987). Therefore, counts I and III of Perfumeria's complaint are barred under the economic loss doctrine. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant Miami Customs' Motion for Partial Summary Judgment is GRANTED. Miami Customs' liability as to count II is limited to fifty (50) dollars. Counts I and III are barred by the economic loss doctrine.

---

to others, whereas contract law operates to protect the economic expectations of the contracting parties. . . ." *Moransais v. Heathman,* 744 So.2d 973, 981 (Fla.1999). Accordingly, "when only economic harm is involved, the question becomes 'whether the consuming public as a whole should bear the cost of economic losses sustained by those who failed to bargain for adequate contract remedies.'" *Id.* (internal citation omitted).