[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11409
Non-Argument Calendar

_____

D. C. Docket No. 05-01432-CV-ORL-22-JGG

ANESH GUPTA,

Plaintiff-Appellant,

versus

WALT DISNEY WORLD COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 27, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Anesh Gupta, an Asian male, appeals <u>pro se</u> the summary judgment entered

in favor of his former employer, Walt Disney World Company, and against Gupta's complaint of employment discrimination. See 42 U.S.C. §§ 1981, 2000e-2(a). Gupta contends that Walt Disney illegally discriminated against him when it refused to allow Gupta to work as a server at Akershus, a restaurant in the Norwegian Pavillion of the EPCOT theme park, because he was not "culturally authentic" to Norway. Gupta also appeals the denial by the district court of Gupta's motion to compel discovery without first holding an evidentiary hearing. We affirm.

## I. BACKGROUND

Gupta worked at Walt Disney from May to December 2003 as a participant in the college intern program. He then worked in a second internship program from June 2004 to May 2005, when the program ended. During this time, Gupta worked in various capacities, including as a role hopper and a door host at the nightclub, Motion.

In March or April 2005, Gupta worked extra hours as a stocker at Akershus in the Norway Pavilion at Epcot. The Norway Pavilion is a component of the World Showcase of Epcot, a permanent international exposition that strives to provide guests an opportunity to experience and learn about the culture, traditions, and accomplishments of eleven nations of the world. Many positions in the World

2

Showcase are staffed by "Cultural Representatives," who interact with guests and share the culture, tradition, language and history of the country they are representing. Walt Disney requires Cultural Representatives to speak the language of the country they represent and possess an adequate command of English to communicate and explain their customs, traditions, and culture to guests based on the representative's first-hand experience. According to Walt Disney, as long as an individual meets these standards, that individual can serve as a Cultural Representative regardless of their national origin, race, or color. Walt Disney presented evidence of individuals of "Asian descent" who qualified to work as Cultural Representatives in the Norway Pavilion because they were culturally authentic, as well as individuals who are Middle Eastern, Asian, and black who were Cultural Representatives in the Canada Pavilion.

Servers at the Norwegian restaurant are required to be Cultural Representatives. From 2002 to April 2005, Walt Disney employed some individuals as servers during the "Princess Storybook Breakfast," which was held at the Norway Pavilion, who were not culturally authentic to Norway, because the breakfast was an American meal and was served before the opening of the larger World Showcase later in the day. In April 2005, Walt Disney changed the breakfast to an all-day dining experience with a Norwegian theme. Use of

3

individuals not culturally authentic to Norway as servers was discontinued, though non-culturally-authentic individuals continued to work some hours until enough culturally authentic servers were hired and trained.

In April or May 2005, Gupta expressed interest in working as a server at the Norwegian restaurant. Gupta took training classes to become a server, and worked some hours as a server at the Norwegian restaurant during two weeks in June 2005. Gupta primarily worked the breakfast shift, but testified that he also worked at least one lunch shift. On June 26, 2005, Gupta was informed that he could no longer work as a server at the Norwegian restaurant. James McAndrew, the other non-culturally-authentic server identified by Gupta, was informed on June 28, 2005, that he could no longer work as a server at the Norwegian restaurant.

Gupta brought this action against Walt Disney and alleged employment discrimination on the basis of race, national origin, and color. At the close of discovery, Gupta moved to compel Walt Disney to produce the "actual" work schedules for the Norwegian restaurant. Gupta alleged that the work schedules produced by Walt Disney were fabricated. The district court denied the motion. Walt Disney moved for summary judgment, which the district court granted. Gupta appealed. Walt Disney has moved to strike portions of Gupta's reply brief.

4

## II. STANDARDS OF REVIEW

We review a denial of discovery order for abuse of discretion. Moorman v. UnumProvident Corp., 464 F.3d 1260, 1264 (11th Cir. 2006).

We review a grant of summary judgment de novo. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing the record, "we view the evidence in the light most favorable to the non-moving party." Wilson, 376 F.3d at 1085.

## III. DISCUSSION

Gupta argues that the district court erred when it entered summary judgment against his complaint of employment discrimination. Gupta contends that he presented both direct and circumstantial evidence of discrimination and that Walt Disney's explanation about cultural authenticity requirements was created after the fact to cover illegal discrimination. Gupta also argues that the district court abused its discretion when it denied his motion to compel additional discovery.

Before we address Gupta's arguments, we grant Walt Disney's motion to

strike portions of Gupta's reply brief. The allegations about which Walt Disney complains were not supported by citation to the record, see 11th Cir. R. 28-1(I), and the evidence attached to Gupta's brief was not presented to the district court, see Selman v. Cobb County Sch. Dist., 449 F.3d 1320, 1332 (11th Cir. 2006).

*A. The District Court Did Not Err When It Granted Summary Judgment In Favor of Walt Disney and Against Gupta's Complaint of Employment Discrimination.*

Gupta's argument that he presented direct evidence of illegal discrimination fails. Walt Disney's explanation that Gupta was not allowed to work at the Norwegian restaurant because Gupta was not "culturally authentic" is not direct evidence of illegal discrimination. The evidence established that "cultural authenticity" did not depend on an individual's national origin, race, or color, but was entirely dependent on the ability of an individual to share authentically a culture.

Because Gupta does not have direct evidence of discrimination, he must rely on circumstantial evidence under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089 (1981). See Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767–68 (11th Cir. 2005). The employee is entitled to an inference of discrimination when he establishes a prima facie case. Id. "A plaintiff establishes a prima facie case of

6

disparate treatment by showing that [he] was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." Wilson, 376 F.3d at 1087.

Gupta failed to establish a prima facie case of discrimination for at least two reasons. First, Gupta did not establish that he was qualified to be a server at the Norwegian restaurant. Walt Disney required servers at the Norwegian restaurant to be culturally authentic to Norway. Gupta admits that he has visited Norway for one to two days and does not have first-hand knowledge of Norwegian culture. Although individuals not culturally authentic to Norway, including Gupta, previously worked in the Norwegian restaurant, the evidence established that Gupta and the other non-culturally-authentic workers worked either during an American breakfast shift, when cultural authenticity was not required, or worked in violation of Walt Disney policy. Second, Gupta failed to establish that he was treated differently from other similarly situated employees. Walt Disney informed the other non-culturally-authentic server, McAndrew, that he could no longer serve at the Norwegian restaurant two days after it informed Gupta. "If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).

*B. The District Court Did Not Abuse Its Discretion When It Denied Gupta's Motion To Compel Production.*

Gupta argues that the district court abused its discretion when it denied Gupta's motion to compel discovery about the Walt Disney work schedules, which Gupta alleges were forged, without holding an evidentiary hearing. We disagree. Gupta provided no support for his allegation that Walt Disney removed his name from the work schedules produced during discovery. Walt Disney presented evidence that the records produced were copies of electronically maintained records, kept in the usual course of business, and were printed off the computer in the form in which they were maintained. The district court did not abuse its discretion when it denied Gupta's motion to compel additional discovery without holding an evidentiary hearing.

## IV. CONCLUSION

The summary judgment in favor of Walt Disney is

**AFFIRMED.**