[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 31, 2008
THOMAS K. KAHN
CLERK

No. 07-14539
Non-Argument Calendar
_____

D. C. Docket No. 05-01432-CV-ORL-22-UAM

ANESH GUPTA,

Plaintiff-Appellant,

versus

WALT DISNEY WORLD COMPANY,

Defendant-Appellee,

MICHAEL D. EISNER, Individually and in his
official capacity as president & chief operating
officer of the Walt Disney Company, et. al.,

Defendants.

———————————————————

Appeal from the United States District Court
for the Middle District of Florida
———————————————————

**(March 31, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

This appeal involves taxation of costs. We earlier affirmed the summary judgment in favor of Walt Disney World Company and against Anesh Gupta's complaint of employment discrimination, Gupta v. Walt Disney World Co., No. 07-11409 (11th Cir. Nov. 27, 2007), but Gupta now appeals the denial of his motion for an extension of time to file a notice of appeal regarding the taxation of costs against him. Gupta challenges the denial of his motion for an extension on two grounds: (1) Gupta established excusable neglect, see Fed. R. App. P. 4(a)(5)(A)(ii); and (2) the district court should have treated Gupta's motion as a motion to reopen the time to file an appeal, see Fed. R. App. P. 4(a)(6). Although the district court did not abuse its discretion when it denied relief under Rule 4(a)(5), we vacate and remand for the district court to consider whether Gupta is entitled to relief under Rule 4(a)(6).

A party in a civil case must file a notice of appeal "within 30 days after the

judgment or order appealed from is entered" to invoke the jurisdiction of the appellate court. Fed. R. App. P. 4(a)(1)(A); United States v. Grant, 256 F.3d 1146, 1150 (11th Cir. 2001). "The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction." Grant, 256 F.3d at 1150 (quoting United States v. Ward, 696 F.2d 1315, 1317 (11th Cir. 1983)) (internal quotation marks omitted). Ordinarily, "[l]ack of notice of the entry by the clerk" does not affect the time to appeal or authorize the court to relieve a party for failure to appeal within the time allowed, Fed. R. Civ. P. 77(d).

There are two ways that a late filing may be excused. A district court may extend the time to appeal if the party establishes "excusable neglect or good cause" to justify the late filing. Fed. R. App. P. 4(a)(5)(A)(ii). The district court may also reopen the time to file an appeal if "the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed[.]" Fed. R. App. P. 4(a)(6)(A). We review the decision by the district court for abuse of discretion. Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 997 (11th Cir. 1997).

The district court did not abuse its discretion when it refused to extend the time for Gupta to appeal, under Rule 4(a)(5). To determine whether to extend the time for filing a notice of appeal, a district court must "[t]ake account of all

3

relevant circumstances surrounding the party's omission," and consider, among other factors, the "reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Advanced Estimating Sys. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996) (quoting from Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993)) (internal quotation marks omitted). The district court was forced to resolve conflicting evidence to reach its decision and reasonably balanced the above factors to reach its decision.

Gupta alleged in his August 28, 2007, motion for an extension of time that he did not receive a copy of the amended bill of costs and "was informed" on August 27, 2007, that the "Clerk of the Court . . . forgot to mail the [amended bill of costs][,]" but the record contained evidence that Gupta received notice of the July 9, 2007, entry of judgment. Gupta received a copy of the order of July 5, 2007, in which the district court directed the clerk to "enter an Amended Bill of Costs [in] the amount of $6,395.84" and attached a copy of the order to his July 18, 2007, motion to stay the proceedings. An electronic receipt states that the clerk mailed a copy of the amended bill of costs to Gupta on July 9, 2007, to the mailing address listed on Gupta's pleadings.

The district court had "some range of choice" when it concluded that Gupta

4

was not entitled to extend the time to appeal. Advanced Estimating Sys., 77 F.3d at 1325 (citing United States v. Kelly, 888 F.2d 732, 745 (11th Cir. 1989)). The record suggested that Gupta received notice of the amended bill of costs and the district court had already reviewed and reduced the bill of costs. In this circumstance, the district court did not abuse its discretion when it denied Gupta's motion for an extension of time. See id. ("Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.").

Although the district court did not abuse its discretion when it denied Gupta relief under Rule 4(a)(5), the record is unclear whether the district court considered Gupta's motion under Rule 4(a)(6). Rule 4(a)(6) allows a district court to reopen the time to file an appeal if the movant did not receive notice of the entry of judgment. The record established that the clerk used the same mailing address to notify Gupta of the entry of judgment on April 11, 2007, and July 9, 2007, and Gupta alleged that he did not receive notice of the entry of either judgment. The district court stated that Gupta had failed to establish good cause or excusable neglect, which is relevant under Rule 4(a)(5), but the district court did not mention the standard applied under Rule 4(a)(6). Because "we have a duty to liberally construe a pro se litigant's assertions to discern whether jurisdiction to consider his

5

motion can be founded on a legally justifiable base[,]" we remand the case to the district court to consider whether to grant Gupta relief under Rule 4(a)(6).  Sanders v. United States, 113 F.3d 184, 187 (11th Cir.1997) (quoting Fernandez v. United States, 941 F.2d 1488, 1491 (11th Cir. 1991)) (internal quotation marks omitted).

We **AFFIRM** the denial of Gupta's motion under Rule 4(a)(5), but otherwise **VACATE** the denial of Gupta's motion and **REMAND** for further consideration under Rule 4(a)(6).

**AFFIRMED in part and VACATED and REMANDED in part.**