[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14181
Non-Argument Calendar
_____

D.C. Docket No. 6:05-cv-01432-ACC-GJK


ANESH GUPTA,

Plaintiff-Appellant,

versus

WALT DISNEY WORLD COMPANY,

Defendant-Appellee,


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 16, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Anesh Gupta, a male from India, appeals pro se the district court's denial of his Federal Rule of Civil Procedure 60(d)(3) motion for relief from the court's 2007 grant of summary judgment in favor of defendant Walt Disney World Company ("Disney") in his employment discrimination action. Gupta argues that reconsideration was appropriate because Disney "fabricated" evidence and unfairly favored immigrant employees, and, therefore, committed "fraud on the court." For the following reasons, we affirm.

## I.

In 2005, Gupta sued Disney, alleging that it discriminated against him based on his race, color, and national origin by taking away his position in a restaurant located in the Norway Pavilion in Disney's Epcot World Showcase because he was not Norwegian. The district court awarded summary judgment to Disney in 2007, finding that Gupta's discrimination claims failed as a matter of law because it was not his race, color, or national origin that disqualified him from working as a server at the Norwegian restaurant, but rather that he did not meet Disney's cultural authenticity requirement, which required that cultural representatives speak the country's language and be able to share first-hand knowledge of the

2

country's culture with customers.  We affirmed the district court's grant of summary judgment.  See Gupta v. Walt Disney World Co., 256 Fed. App'x 279 (11th Cir. 2007) (unpublished).

In 2011, following a number of unsuccessful motions and separate actions, Gupta filed the present Rule 60(d)(3) motion in the district court, which was denied.  Gupta now appeals.

## II.

We review the denial of a Rule 60(b) motion for an abuse of discretion.  See Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007).

Rule 60(b) provides relief from a final judgment or order on several grounds, including fraud, misrepresentation, or misconduct by an opposing party.  Fed. R. Civ. P. 60(b)(3).  A Rule 60(b)(3) motion must be made within one year of the entry of judgment.  Fed. R. Civ. P. 60(c)(1).  However, Rule 60(d)(3) allows for relief from a final judgment that is more than one year old if the movant can show "fraud on the court."  Fed. R. Civ. P. 60(d)(3).  Where relief from a judgment is sought due to fraud on the court, the fraud must be established by clear and convincing evidence.  Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987).  "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated,

3

will constitute a fraud on the court." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978). Stated differently, the movant must show an "unconscionable plan or scheme" to improperly influence the court's decision. Id. Fraud between parties does not constitute fraud on the court, as it does not carry the same threat of public injury. S.E.C. v. ESM Group, Inc., 835 F.2d 270, 273 (11th Cir. 1988).

The district court did not abuse its discretion by denying Gupta's Rule 60 motion for reconsideration. Liberally construing Gupta's pro se brief, he appears to argue that Disney actively concealed a practice of favoring immigrant employees to the exclusion of other employees. The immigration reports upon which Gupta bases his claims, however, do not constitute the kind of clear and convincing evidence of egregious conduct required to establish fraud on the court. See Booker, 825 F.2d at 283. This is especially so because Gupta has not specifically alleged how any officers of the court were involved in the alleged fraud. See ESM Group, 835 F.2d at 273; Rozier, 573 F.2d at 1338.[1]

---

[1] Because Gupta did not argue before the district court in his Rule 60 motion that Disney had falsified employment records, he has failed to preserve any such challenge on appeal. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("If we were to regularly address questions—particularly fact-bound issues—that district[] court[s] never had a chance to examine, we would not only waste our resources, but also deviate from the essential nature, purpose, and competence of an appellate court."). This same allegation was also rejected in our 2007 decision. See Gupta, 256 Fed. App'x at 283.

4

To the extent that Gupta is merely attempting to relitigate the merits of his underlying employment discrimination claims, his arguments are barred by the law of the case doctrine.  See United States v. Robinson, 690 F.2d 869, 872 (11th Cir. 1982) ("[B]oth the district court and the court of appeals generally are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case.").

**AFFIRMED.**