[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14770
Non-Argument Calendar
_____

D.C. Docket No. 6:05-cv-01432-ACC-GJK

ANESH GUPTA,

Plaintiff-Appellant,

versus

WALT DISNEY WORLD COMPANY,

Defendant-Appellee,

MICHAEL D. EISNER, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 17, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Anesh Gupta, a male originally from India, filed an employment discrimination suit in 2005 against Walt Disney World Co. ("Disney"), under Title VII, 42 U.S.C. § 2000e-2(a). He alleged that Disney discriminated against him based on his race, color, and national origin by preventing him from continuing to work in a restaurant at its Norway Attraction because he was not Norwegian, even though other non-Norwegian employees worked there. The district court granted summary judgment in favor of Disney in 2007, and we affirmed. *See Gupta v. Walt Disney World Co.*, 256 F. App'x 279 (11th Cir. 2007). In 2012, Gupta filed the present Federal Rule of Civil Procedure Rule 60(d)(3) motion, asserting that the district court should set aside the judgment because Disney had perpetrated a fraud on the court. The district court denied this motion, and Gupta now appeals. After thorough review, we affirm.

On appeal, Gupta argues that he presented evidence that Disney willfully deleted his name from the Norway Attraction work schedules it produced during the discrimination lawsuit and had submitted a false declaration from Mary Taylor asserting that the work schedules had not been altered or modified in any way. He asserts that the court should not have required him to prove fraud by clear and convincing evidence, rather than by a preponderance of the evidence, and that the

2

court erroneously based its denial of his motion on whether the alleged fraud prejudiced him. Finally, he argues that he was entitled to an evidentiary hearing.

We review the denial of a Rule 60(b)(3) motion, which also deals with fraud on the court, for an abuse of discretion. *Cox Nuclear Pharm., Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). We thus apply this same standard to our review of the denial of Gupta's Rule 60(d)(3) motion.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys," and are liberally construed. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). Rule 60(b) provides relief from a final judgment or order on several grounds, including fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). Motions under Rule 60(b)(3) for fraudulent conduct must be brought within one year of the relevant judgment. Fed. R. Civ. P. 60(c)(1). However, section (d)(3) does not contain the one-year time limit and provides that Rule 60 does not limit the court's power to set aside a judgment for fraud on the court. *See* Fed. R. Civ. P. 60(d). Where relief from a judgment is sought for fraud on the court, the movant must establish by clear and convincing evidence that the adverse party obtained the verdict through fraud. *Cox*, 478 F.3d at 1314. Further, the movant must show an "unconscionable plan or

3

scheme" to improperly influence the court's decision. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).[1]

Although Gupta argues that he should only have had to prove fraud by a preponderance of the evidence, we have held that a movant must prove fraud by clear and convincing evidence to secure relief from a judgment under Rule 60. *Cox*, 478 F.3d at 1314. Here, the only evidence Gupta provides that Disney eliminated his name from the work schedules is that his name did not appear on the Norway Attraction work schedules that Disney produced for August 8 to 14, 2004, despite him submitting work schedules showing that he was scheduled to work at the Norway Attraction during that time. This is insufficient to establish by clear and convincing evidence that Disney falsified the work schedules. Likewise, Gupta provided no evidence that Disney senior paralegal Mary Taylor lied when she swore that the work schedules had not been altered or modified.

Moreover, to prevail on a Rule 60(d)(3) motion, the movant must show that the adverse party obtained the verdict through fraud. *Id.* Here, Disney did not prevail on its summary judgment motion based on the work schedules. It prevailed because it showed that Gupta, and another worker who was Caucasian, were not "culturally authentic." Finally, because Gupta did not argue before the district

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

court in his Rule 60(d)(3) motion that he was entitled to an evidentiary hearing, we do not address the district court's decision not to hold such a hearing. *Narey v. Dean*, 32 F.3d 1521, 1526-27 (11th Cir. 1994) (noting that we generally do not consider an issue raised for the first time on appeal). Accordingly, we affirm.

**AFFIRMED.**